Samuel H. GREENWAY, Petitioner,

v.

NATIONAL GYPSUM COMPANY, Hartford Accident and Indemnity Insurance Company and the State Industrial Commission, Respondents.

No. 37048.

Supreme Court of Oklahoma.

March 13, 1956.

Rehearing Denied May 2, 1956.

Lee & Booth, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On the 11th day of March, 1954, petitioner filed his claim for compensation in which he states that on May 12, 1953, while in the employ of respondent, National Gypsum Company, he sustained an accidental injury consisting of an injury to his back and neck causing some permanent disability to his person. The injury occurred when he slipped and fell down a stairway while leaving the premises of his employer at the close of his day's work.

The trial commissioner before whom the case was assigned at the close of the evidence entered an order denying compensation on the theory that the injury sustained by petitioner did not arise out of and in the course of his employment. The order was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and contends that it is not supported by the evidence and is contrary to law.

The facts necessary to a decision in this case are undisputed. They are: On and prior to the 12th day of May, 1953, the day upon which petitioner sustained his injury, he was an employee of respondent and was employed as a machine oiler, and on that date he sustained an accidental injury as stated in his claim.

It appears from the evidence that the employees of the National Gypsum Company had organized a soft ball team and played soft ball in a soft ball league. His employer, National Gypsum Company, maintained and owned the park or field upon which the game was played. The team was known as the National Gypsum Team. At the end of his day's work on the date petitioner sustained his injury he went to the locker room provided by his employer and changed from his working clothes into his soft ball uniform intending to go to the soft ball field and practice playing soft ball before returning to his home. After changing into his uniform he punched the clock and immediately proceeded to leave the premises of his employer by way of a stairway leading from the building, the usual exit used by the employees generally in leaving the premises of the employer at the end of the day's work. As petitioner came to the head of the stairway on his way out of the building some other employee spoke to him. He turned around and as he did, so his foot slipped and he fell down the stairway a distance of seven steps, and landed on a cement sidewalk causing injuries to his back and neck. He then went to the ball field and attempted to practice playing soft ball, but was unable to do so because of the stiffness in his neck. He remained on the ball field for about twenty minutes and then returned to his home.

It is the contention of petitioner that under the above evidence, which is undisputed, the Commission erred as a matter of law in holding that the injury sustained by him did not arise out of and in the course of his employment. It is his contention that his employment had not ended at the time he sustained his injury; that he remained in the course of his employment after his day's work had ended for such reasonable length of time as was necessary for him to leave the premises of his employer; and since he sustained his injury while in the act of leaving the premises the injury arose out of and in the course of his employment, and was therefore entitled to compensation.

We think there is merit in this contention. We have heretofore held the course of employment, within the meaning of the Workmen's Compensation Act, does not begin and end with the actual work which the injured person was employed to do, but covers the period between his entering the employer's premises a reasonable time before beginning his actual work and his leaving the premises within a reasonable time after his day's work is done. Superior Smokeless Coal & Mining Co. v. Hise, 89 Okl. 70, 213 P. 303; Roxana Petroleum Corp. v. State Industrial Commission, 134 Okl. 181, 272 P. 847; E. I. Du Pont De Nemours and Co., Inc., v. Redding, 194 Okl. 52, 147 P.2d 166.

And in Nelson Electric Mfg. Co. v. Shatwell, 203 Okl. 417, 222 P.2d 750, we held:

"Ordinarily an injury sustained by an employee while going to or from his work, occurring on the premises owned or controlled by his employer, is deemed to have arisen out of and in the course of his employment."

In 49 A.L.R. page 426 the author states:

"By the great weight of authority injuries sustained by an employee while going to or from his place of work upon premises owned or controlled by his employer, are generally deemed to have arisen out of and in the course of the employment within the Workmen's Compensation Acts."

Respondents cite numerous decisions in which it was held that the injuries sustained by the employee in those cases did not arise out of and in the course of his employment. We have examined these authorities, but they are not applicable here because of a difference in the facts. Respondents, however, contend that the case of Slick v. Boyett, 160 Okl. 111, 16 P.2d 237, cited by them is exactly in point. In that case we held that playing baseball is not one of the employments defined as hazardous by the Workmen's Compensation Law, and that an injury sustained by an employee while playing baseball on a field or park maintained by his employer did not arise out of and in the course of his employment, and was not compensable under the Workmen's Compensation Act, although the evidence in that case showed that the game was being sponsored by his employer, was played during working hours and on a field owned and maintained by his employer, he was paid full wages while playing baseball, and was employed because of his ability to play baseball. If petitioner in this case had sustained his injury while engaged in playing soft ball the cited case would be in point; but since he sustained his injury while in the act of leaving the premises of his employer after his day's work had ended the case is not in point.

The fact that petitioner intended to practice soft ball before returning to his home is wholly immaterial. The question as to what petitioner intended to do after he left the premises of his employer has no bearing on the question here under discussion and does not prevent the application of the rule announced in the above authorities.

■ Under the undisputed evidence in this case and the above authorities the Commission erred in holding that the injury sustained by petitioner did not arise out of and in the course of his employment, and therefore the order entered based thereon denying compensation cannot stand.

■ Order vacated for further proceedings in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, JACKSON and HUNT, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.