**CITY OF TULSA and State Insurance Fund, Petitioners,**

v.

**Robert MORRISON and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 37527.

Supreme Court of Oklahoma.

June 25, 1957.

Mont R. Powell, Sam Hill, Oklahoma City, for petitioners.

Lee & Booth, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On March 10, 1956, Robert Morrison, respondent herein, filed a claim for compensation against the City of Tulsa and its insurance carrier, State Insurance Fund, petitioners herein, in which he states that on February 4, 1956, while in the employment of the City of Tulsa he sustained an accidental injury consisting of a broken ankle; that the injury occurred when he slipped and fell against a door sill; that at the time he sustained the injury he was employed as a helper on a city garbage truck.

The trial commissioner found that on the 4th day of February, 1956 respondent, while employed by the City of Tulsa, sustained an accidental injury consisting of a broken ankle; that as a result of said injury he was totally temporarily disabled from the date of such injury, and is still so disabled, and is in need of further medical attention and is entitled to compensation for such disability from the date of his injury until May 10, 1956 in the sum of $420, and is entitled to continuing compensation for such disability at the rate of $28 per week, not to exceed 300 weeks, until further order of the Commission, and is entitled to further medical treatment, and upon such findings entered an award in favor of respondent accordingly, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award. They do not contend that respondent did not sustain an accidental injury and was not temporarily totally disabled, as found by the Commission. Their sole contention is that the injury sustained by respondent did not arise out of and in the course of his employment.

It is stipulated that the City of Tulsa carries a workmen's compensation insurance policy with the State Insurance Fund, and that respondent's wages were used in computing the premium paid by the City of Tulsa on the policy.

The facts are not in dispute; they are: Respondent, on the 4th day of February, 1956, sustained an accidental injury. He was at that time employed by the City of Tulsa as a helper on a garbage truck at a regular monthly salary of $275. His working hours were from 7:00 a. m. to 3:30 p. m. He reported for work about 6:45 on the morning he sustained his injury at the city garage where the garbage trucks were parked while not in use. The streets and sidewalks of the City were then covered with mixed snow and sleet and were slick. Respondent drove to work in his car accompanied by Louis Henson, his brother-in-law. On arriving at the garage he punched the time clock and then started to leave the garage to go to a nearby restaurant to get a cup of coffee, as he and his brother-in-law did about every morning. On leaving the garage for this purpose he opened the door and stepped out on the icy public sidewalk adjacent to the garage, fell and injured his ankle. Respondent testified in part as follows:

"Q. After you pulled your time card, tell the Court what you did? A. I walked out to a little place here, down going down to get coffee. When I walked out the door, I slipped down.

"Q. Slipped and fell? A. That's right.

"Q. What did you slip on? A. On the ice on the concrete out there.

"Q. Tell the Court what kind of weather it was that day? A. It was snowy and icy, slick and bad, which they didn't let the trucks go out. It was too bad."

Mr. Henson testified concerning the accident in part as follows:

"Q. How far from the barn was it when he fell down? A. He was in the barn going out the door.

"Q. He was out of the door? A. He was going out the door in the barn.

"Q. He wasn't inside of it? A. Right there at the door, door, right at the sidewalk, right there at the sidewalk there.

"Q. And it was out on the sidewalk? A. That's right."

The cafe to which he intended going for coffee was not owned or operated by the City. He did not work the day he sustained his injury. About 8:00 o'clock on that morning the superintendent of the garbage department appeared at the garage and informed the employees that they could not take the trucks out that day because of the weather conditions, and told them to punch the clock and return home. His ankle was hurting him considerably and when he arrived at his home and took off his boots it was discovered that his ankle had been broken. His wife and brother-in-law then took him to a hospital where it was set, placed in a cast and remained for some time. Respondent, however, after the injury, was unable to return to work and was at the time of the hearing still under the care and treatment of the doctor, and as found by the Commission, was still temporarily totally disabled.

The only question raised under the evidence in the case is whether the injury sustained by respondent arose out of and in the course of his employment.

In the recent case of Novak v. McAlister, Okl., 301 P.2d 234, 235, this court sustained an order of the State Industrial Commission denying a claimant compensation for an injury resulting under the following circumstances, as stated in the opinion:

"The record discloses that claimant had left the premises where she was employed and had gone to a cafe for lunch on her own time. She sustained an injury upon her return from lunch when, immediately after alighting from an automobile, she slipped and fell in the public street at a point directly in front of the entrance to the building where she was employed."

The syllabus of the case reads:

"An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

Folsom Auto Supply v. Bristow, Okl., 275 P.2d 706, 707, holds:

"An injury is received 'in the course of the employment' when it occurs while the workman is doing the duty which he is employed to perform. It 'arises out of the employment' when there is apparent to the rational mind upon consideration of all the circumstances a causal relation between the conditions under which the work is required to be performed and the resulting injury."

Claimant, on the day of his injury, arrived at the place or premises where he was required to report for work, a few minutes in advance of the time he was to begin work. He then left the premises to get a cup of coffee before starting to work, and as he walked out the door he slipped and fell on the icy concrete sidewalk and injured his ankle. When the claimant started to get a cup of coffee his work had not yet begun and he was performing no duty within the scope of his employment. When he stepped on the icy sidewalk he was not at a place where he was required to be under his employment. He then was in no different or greater hazard than were other pedestrians on the sidewalk, and the hazard presented was common to the public and not one incident to claimant's work. He was not on a mission incident to his work, but was on a personal mission.

Claimant testified that it was snowy and icy when he reported for work and that about 8:00 o'clock a. m. the truck superintendent said the weather was too bad to send the trucks out and told the employees to go home for the day. Claimant, in his brief, calls attention to the established rule that an injury sustained by an employee while going to or from his work, occurring on the employer's premises, is deemed to have arisen out of and in the scope of his employment, citing in support thereof Greenway v. National Gypsum Co., Okl., 296 P.2d 971. The decision sustains the quoted rule, but it is apparent from the record in the present proceeding that the rule is without application here because the claimant was not injured while going to or from his work, but was on a personal mission of his own, and the accident occurred on the public sidewalk.

"An injury which neither arises out of nor in the course of the employment but as an incident to a collateral undertaking and as a result of a common hazard is not compensable under the Workmen's Compensation Law [85 O. S.1951 § 1 et seq.]." Chicago Pneumatic Tool Co. v. McGrew, 178 Okl. 439, 63 P.2d 749.

Upon consideration of all the evidence and circumstances in the present proceeding we are unable to see a causal relation between the conditions under which the claimant's work was required to be performed and the resulting injury. The injury did not result from a risk reasonably incident to his employment, nor in the course of his employment. There is a lack of competent evidence to support the finding of the State Industrial Commission that claimant's injury arose out of and in the course of his employment. Therefore, the award in favor of the claimant, Robert Morrison, is vacated and his claim denied.

WELCH, C. J., and DAVISON, JOHNSON, WILLIAMS and JACKSON, JJ., concur.

CORN, V. C. J., and HALLEY and BLACKBIRD, JJ., dissent.