MAX E. LANDRY, INC., and Reliance Insurance Company, Petitioners,

v.

Margaret D. TREADWAY and the State Industrial Court, Respondents.

No. 41932.

Supreme Court of Oklahoma.

Dec. 27, 1966.

H. W. Nichols, Jr., of Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Harry V. Rouse, III, Tulsa, for respondent Margaret D. Treadway.

DAVISON, Justice.

This is an original proceeding brought by Max E. Landry, Inc., hereinafter referred to as employer, and its insurance carrier, Reliance Insurance Company, petitioners, to review an award made to respondent, hereinafter referred to as claimant.

Claimant filed her first notice of injury November 1, 1965, with the State Industrial Court, alleging that on March 18, 1965, she received a broken leg. Respondent filed answer denying claimant's allegations and specifically denied that the alleged injury to the claimant did arise out of and in the course of claimant's employment. After the hearing an award was entered by the trial judge in favor of claimant. The order was adopted and affirmed when appealed to the State Industrial Court en banc.

For clarity, the parties will be referred to as they appeared in the trial tribunal.

The nature of the employment as coming within the purview of the Workmen's Compensation Act or the cause and extent of the disability are not issues in this proceeding.

The only questions raised by respondents are as follows:

1. The claimant did not receive an accidental injury arising out of and in the course of her employment.

2. The trial judge, and the Court en banc, was in error in allowing the maximum compensation rate of $37.50 per week.

The record discloses substantially the following facts: That claimant had been employed by respondent for some two months at a wage of $1.25 per hour and that her average wage was an average of $35.00 per week; that this employment was on a part time basis, her full time employment being for the Southwestern Bell Telephone Company, where her average monthly wage was $325.00; that respondent's business was conducted in a building where several other businesses were operated and that the owner of the building provided a parking lot for the use and benefit of the employees and customers of the building; that claimant, on the morning of the accident herein involved, arrived at the building at her usual time for work and that after getting out of her car, and *while on the parking lot premises*, but just before entering the building for her usual work day she slipped and fell, causing the involved injury.

After hearing the evidence the trial judge entered an order (affirmed by the court en banc) the pertinent parts necessary for a decision in this action, being as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of her hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on March 18, 1965, consisting of injury to her right lower leg.

"That at the time of said injury, claimant's wages were sufficient to fix her rate of compensation at $37.50 per week for temporary total disability and $37.50 per week for permanent partial disability; that as a result of said injury, claimant was temporarily totally disabled from March 18, 1965 to July 26, 1965, for which she is entitled to compensation for 18 weeks and 3 days in the total amount of $693.75, which has not been paid, and on which date temporary total disability ended.

"That it is the obligation of respondent or insurance carrier to pay the reasonable and necessary medical expenses, including hospital, incurred by claimant during said period of temporary total disability as the result of said injury."

■ It is generally held that an injury sustained by an employee while going to or from his work *occurring on the premises* owned or controlled by his employer, is deemed to have arisen out of and in the course of his employment. Kasari v. Industrial Commission of Ohio, 125 Ohio St. 410, 181 N.E. 809, 82 A.L.R. 1040; Superior Smokeless Coal and Mining Company v. Hise, 89 Okl. 70, 213 P. 303; Roxana Petroleum Corp. v. State Industrial Commission, 134 Okl. 181, 272 P. 847; Greenway v. National Gypsum Company, Okl., 296 P.2d 971; E. I. du Pont de Nemours & Co., Inc. v. Redding, 194 Okl. 52, 147 P.2d 166; Swanson v. General Paint Company, Okl., 361 P.2d 842.

■ In the case of Swanson v. General Paint Company, supra, we said:

"When landlord of several industrial tenants furnishes a parking yard for the joint use of such tenants and their employees, and the use thereof by employees is acquiesced in by the employers, such area constitutes premises of such employers in the application of the Workmen's Compensation Law."

The respondent cites and relies on the following cases: Norvill v. Hardeman, Inc., Okl., 377 P.2d 208; Novak v. McAlister Materials, Okl., 301 P.2d 234; City of Tulsa v. Morrison, Okl., 312 P.2d 886; Walk v. S. C. Orbach Co., Okl., 393 P.2d 847.

All of the last above cases are distinguishable from the cases heretofore cited.

In the case of Norvill v. Hardeman, supra, the claimant was not injured while on the premises of the employer.

The case of Walk v. S. C. Orbach Co., supra, the claimant was injured by an assailant. We distinguished this case from the holding in the case of Swanson v. General Paint Co., supra.

The case of Novak v. McAlister Materials, supra, involved a situation where the claimant had left the premises where she was employed and had gone to lunch on her own time. She sustained an injury upon her return from lunch, when immediately alighting from an automobile, she slipped and fell in the *public street* in front of the building where she was employed.

The case of City of Tulsa v. Morrison, supra, presented a situation where the claimant had reached the place of his employment before time to go to work and then left the premises to go to a nearby cafe for a cup of coffee and in so doing slipped on an icy *public street*.

■■ In deciding the involved question we are not unmindful of the general rule that an injury suffered by an employee while on his way to work does not arise out of and in the course of his employment. However, there are exceptions to this rule, one exception being that when an employee is injured on his way to work and while on the *employer's premises* the injury suffered does arise out of and in the course of his employment. Oklahoma, being a state where the Workmen's Compensation Law, and the terms therein are liberally construed in favor of the employee, has adopted the exception to the general rule above stated.

■ We therefore, under the facts herein, affirm the trial court on this phase of the case.

In considering the second proposition presented we are of the opinion that the trial court was in error in allowing claimant the maximum compensation rate of $37.50 per week.

In making this allowance the trial court took into consideration the average wage of $35.00 per week the claimant earned from her employment with the respondent plus the $325.00 per month which she earned from her regular employment with the telephone company.

The respondent states that Title 85 O.S. 1961, Sec. 22(2) is the applicable statute pertaining to the amount of compensation to be awarded in this case. Said statute reads as follows:

"Temporary Total Disability. In cases of temporary total disability, sixty-six and two-thirds per centum (66⅔%) of the average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three hundred (300) weeks, except as otherwise provided in this Act."

Respondent states that the proper award to be made, assuming that the cause is affirmed on the first proposition, would be sixty-six and two-thirds per centum of $35.-00 per week.

We note that there is nothing in the statute providing that income from other sources could be considered in establishing the compensation rate. We are therefore of the opinion and hold that the trial court was in error in considering the telephone earnings of the claimant in computing the rate of compensation. See James Construction Co. v. Aylor, 171 Okl. 173, 42 P.2d 528.

Since the claimant worked for the respondent for a period of only two months claimant states that Title 85 O.S.1961, Sec. 21, Subsection 3, applies in computing the compensation rate.

Title 85 O.S.1961, Sec. 21, Subsection 2, reads as follows:

"If the injured employee shall not have worked in such employment during substantially the whole of such year, his average annual earnings shall consist of three hundred times the average daily wage or salary which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed."

Subsection 3 of the same statute reads as follows:

"If either of the foregoing methods of arriving at the annual average earnings of an injured employee cannot reasonably and fairly be applied, such annual earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident."

We are of the opinion that the trial court was in error in its computation of wages of claimant and this phase of the case is reversed and remanded to the Industrial Court to determine the rate of compensation. In this connection and in reaching a decision as to the rate of compensation to be allowed, it might be that the parties, with the approval of the trial court, might agree as to the rate of compensation to be allowed. If such an agreement cannot be consummated then Title 85, Sec. 21, Subsection 2, should be the controlling statute, but if the trial court should find that said section could not be reasonably and fairly applied then subsection 3 of said statute should be employed.

Affirmed in part and reversed in part.