1997 OK 136

### ODYSSEY/AMERICARE OF OKLAHOMA and Credit General, Petitioners,

v.

### Cheryl E. WORDEN and the Workers' Compensation Court, Respondents.

No. 87907.

Supreme Court of Oklahoma.

Nov. 4, 1997.

Rehearing Denied Dec. 3, 1997.

---

Ronald E. Hignight, McGivern, Gilliard, Curthoys & Robinson, Tulsa, for petitioners.

Gary G. Prochaska, Foshee & Yaffe, Oklahoma City, for respondents.

HODGES, Justice.

¶ 1 Odyssey/Americare of Oklahoma (Employer) and its insurer seek vacation of a Court of Civil Appeals opinion in this matter which sustained an order of the Workers' Compensation Court awarding benefits to Cheryl Worden (Claimant). The trial tribunal found that Claimant's injury arose out of her employment. This Court finds that there was not competent evidence to support that determination.

¶ 2 Claimant was a field nurse for Employer. She lived approximately twenty miles away from Employer's office. She went to Employer's office about once a week.

Otherwise, she worked out of her home scheduling appointments with patients and traveling to visit them. At trial, the parties submitted a stipulation that Claimant was Employer's employee covered under the Workers' Compensation Act. Claimant testified that as she was walking to her car to go to a patient appointment, she slipped on wet grass in her yard and fell injuring her foot and ankle. The grass was wet from rain. But for the patient appointment, she would not have left the house.

¶3 The trial tribunal originally denied the claim, finding that her injury did not arise out of and in the course of her employment. According to the court, "the claimant's injuries were as a result of a risk which was purely personal to the claimant and not as a result of a hazardous risk associated with the claimant's employment."

¶4 Claimant submitted the finding to the three-judge review panel of the Workers' Compensation Court. The panel held that the finding was contrary to law and against the clear weight of the evidence. On remand, the trial tribunal awarded Claimant disability and continuing medical benefits. Employer appealed that order. The Court of Civil Appeals sustained the order and this Court granted certiorari review.

¶5 Oklahoma law requires that an employer pay compensation only for "accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault...." Okla.Stat. tit. 85, § 11 (1991). The term "in the course of employment" relates to the time, place, or circumstances under which the injury is sustained. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 202 (Okla. 1982). The term "arise out of employment" contemplates the causal connection between the injury and the risks incident to employment. *American Management Systems, Inc. v. Burns,* 903 P.2d 288, 291 (Okla.1995). The two requirements are distinct and are not synonymous. *Id.* Only the "arise out of" requirement is at issue in this matter. The parties agree that Claimant was in the course of her employment at the time of injury.

¶6 There are three categories of injury-causing risk an employee may encounter while in the course of employment: risks solely connected with employment, which are compensable; personal risks, which are not compensable; and neutral risks, such as weather risks, which are neither distinctly connected with employment nor purely personal. *See* 1 Larson's Workers' Compensation Law § 7.30 (1997). Whether a neutral risk that causes an injury is employment-related or personal is a question of fact to be decided in each case. *See Burns,* 903 P.2d at 291. That determination will not be disturbed on appeal if there is any competent evidence to support it. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 549 (Okla. 1984).

¶7 Nationwide, there have been five lines of interpretation of the "arising out of" requirement. 1 Larson *supra* at § 6. The "peculiar risk" doctrine required the claimant "to show that the source of the harm was in its nature peculiar to his occupation." *Id.* at § 6.20. At one time the peculiar risk doctrine was the dominant test in American Workers' Compensation jurisprudence but it was gradually replaced by the "increased risk" doctrine.

¶8 The "increased risk" test "differs from the peculiar-risk test in that the distinctiveness of the employment risk can be contributed by the increased *quantity* of a risk that is *qualitatively* not peculiar to the employment." *Id.* The rule is often stated as a determination of whether the claimant's employment exposed the worker to more risk than that to which the general public was exposed.

¶9 An easier test for a claimant to meet is that of "actual risk". "Under this doctrine, a substantial number of courts are saying, in effect, 'We do not care whether the risk was also common to the public, if in fact it was a risk of *this* employment.'" *Id.* at § 6.40.

¶10 A number of courts now apply the "positional risk" doctrine. It states that "[a]n injury arises out of employment if it would not have occurred *but for* the fact that the conditions on the employment placed claimant in the position where he was injured." *Id.* at § 6.50.

¶ 11 A rarely used line of interpretation is that of "proximate cause". This test demands "that the harms be foreseeable as a hazard of this kind of employment, and that the chain of causation be not broken by any independent intervening cause, such as an act of God." *Id.* at § 6.60. This line of authority is "encountered occasionally in opinions and old texts." *Id.*

¶ 12 Prior to the 1986 amendments to Oklahoma's Workers' Compensation Act, Oklahoma cases relied primarily on the increased risk doctrine to determine whether a risk arose out of a worker's employment. However, the peculiar risk and positional risk tests had also been applied. *See, e.g., Halliburton Services v. Alexander,* 547 P.2d 958, 961 (Okla.1976) ("where accidental injury results from risk factor peculiar to task performed, it arises out of employment...."); *Fox v. National Carrier,* 709 P.2d 1050, 1053 (Okla.1985) (but for claimant's employment as truck driver he would not have been exposed to risk of choking on food at restaurant). But in 1986, the Oklahoma Legislature amended section 3(7) of title 85 to require that "only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of employment." The Legislature also repealed the provision which required an employer to produce "substantial evidence" to overcome a presumption that an injury was compensable under the Workers' Compensation Act. *See* Okla. State tit. 85, § 27 (1981) (repealed). The presumption and its corresponding burdens of production and persuasion were abolished.

¶ 13 These statutory changes to the analysis of the "arise out of" requirement were explained in *American Management Systems, Inc. v. Burns,* 903 P.2d 288 (1995). In *Burns,* a worker visiting Oklahoma City on a business trip for his employer was murdered in his hotel room by a unknown assailant with unknown motive. This Court explained that a claimant now has the burden of establishing the causal connection between injury and employment. *Id.* at 291. "To establish injury or death as attributable to an employment-related risk, the operative force of a hazard, other than that which affects the public in general, must be identified." *Id.* at 293. This Court specifically held that the positional risk test is now "unavailable for proving an injury's causal nexus to employment." *Id.* at 291. Burn's widow failed to establish that her husband's death arose out of his employment rather than from the ever-present risk of crime faced by the general public.

¶ 14 Despite the holding in *Burns,* the Court of Civil Appeals in this matter held that "because the risk responsible was clearly presented by the requirements of her employment, it does not matter whether the risk of injury to her was no greater than the risk to the general public." Thus, it applied essentially the positional risk test rejected in the 1986 amendments to the Workers' Compensation Act as explained in *Burns.*

¶ 15 The Court of Civil Appeals read two post-*Burns* cases as controlling this controversy, *Darco Transportation v. Dulen,* 922 P.2d at 591 and *Stroud Municipal Hospital v. Mooney,* 933 P.2d 872 (Okla.1996). It noted that in each case compensation was allowed for traffic collision injuries even though the employee was exposed to the same street risk faced by the general motoring public. That is true, but for reasons that are not present in the instant claim.

¶ 16 In *Darco,* a cross-country truck driver was injured when the tractor-trailer rig he was driving was struck by a train at a crossing where the warning equipment had malfunctioned. The test this Court applied was the same increased risk test that had been applied in *Burns.* However, the accident risk the truck driver encounter in *Darco* arose out of his employment "[b]ecause the perils of this servant's travel for his master [were] co-extensive with the risks of employment" *Darco,* 922 P.2d at 596. Thus, for that truck driver the risk of traffic accident arose from the very nature of his employment.

¶ 17 The Court of Civil Appeals also read *Stroud Municipal Hospital v. Mooney,* 933 P.2d at 872, as modifying the rule in *Burns. Mooney* involved an exception to the "general rule that an injury sustained while going to or from an employer's premises is not one arising out of and in the course of employ-

ment." *Id.* at 874. There, the special mission exception applied because the employee was instructed to return immediately from his lunch break at home to the emergency room of his employer's hospital in order for him to perform emergency blood work. The employee was injured in an automobile accident while he was attempting to comply with his employer's instruction. This Court concluded that "[o]n this record it could be found that Claimant's return trip was 'outside regular working hours' and within the 'special mission' exception." *Id.* at 875. Thus, when the employee's special mission was "to promptly drive to the emergency room for an emergency," *id.*, the traffic risk became a risk of his employment.

¶ 18   In this matter, there are no facts to indicate that Claimant was on a special mission outside regular working hours for her employer. In fact, the record demonstrated that she was within her regular working hours performing her usual tasks. *Mooney's* special mission exception was not asserted by Claimant nor does it apply to these facts.

¶ 19   Neither *Darco* nor *Mooney* abrogate or modify the increased risk test required by the Workers' Compensation Act and described in *Burns*. Neither case controls resolution of the claim now before this Court.

¶ 20   This case is controlled by the increased risk test for the arising out of element of coverage provided in the Workers' Compensation Act at section 3(7)(a) of title 85. The question is whether Claimant's employment subjected her to a risk that exceeded the ordinary hazards to which the general public is exposed. It did not.

¶ 21   Claimant encountered the neutral risk of wet and therefore slippery grass due to rain. Her employment exposed her to no more risk of injury from wet grass than that encountered by any member of the general public. No evidence was presented linking the risk to her employment. Although Claimant was undeniably in the course of her employment[1] at the time of her injury, the injury did not arise from her employment.

The trial tribunal's initial order denying coverage was correct. The order allowing compensation was error.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER OF WORKERS' COMPENSATION COURT VACATED; CAUSE REMANDED TO WORKERS' COMPENSATION COURT WITH INSTRUCTION TO ENTER JUDGMENT FOR EMPLOYER.

¶ 22   HODGES, SIMMS, HARGRAVE, OPALA and ALMA WILSON, JJ., concur.

¶ 23   KAUGER, C.J., and WATT, J., concur in result.

¶ 24   SUMMERS, V.C.J., and LAVENDER, J., dissent.

---

1. This Court is not deciding when the claimant entered upon the course of her employment on the morning of the accident. It is not necessary to settle whether that occurred when she left her home to step into the car or at some other point. This decision is based solely on the conclusion that the injury did not arise out of her employment.