1998 OK CIV APP 179

**Barbara A. BARRE, Petitioner,**

v.

**TCIM SERVICES, INC., Travelers Insurance Company and the Workers' Compensation Court, Respondents.**

**No. 91313.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 10, 1998.

---

Bryan L. Smith, Donald E. Smolen, Smolen & Smith, Tulsa, Oklahoma, For Petitioner.

James Leo Gaston, Jr., Looney, Nichols & Johnson, Oklahoma City, Oklahoma, For Respondents.

## OPINION

STUBBLEFIELD, P.J.

¶ 1 This is an appeal from order of the Workers' Compensation Court three-judge panel, affirming the trial court's denial of benefits based on a finding that claimant's injury did not arise out of and in the course of her employment. Based on our review of the record on appeal and applicable law, we reverse the order.

¶ 2 Claimant Barbara Barre filed her Form 3 on August 29, 1997, alleging she

injured her shoulders, arms and left hand when she slipped and fell while ascending the interior stairs to reach the second-floor office where she worked as a sales associate for Employer TCIM Services, Inc. Employer denied that Claimant suffered an injury arising out of and in the course of her employment.

¶ 3 At trial, Claimant was the only witness to testify. She testified that her accident occurred on August 12, 1997, at approximately 7:30 a.m., as she arrived for work. It was raining that day.

¶ 4 Employer leased the entire building where Claimant worked. In addition to the stairs, there also was an elevator that could be used to reach Claimant's second-floor work station. Claimant had used both the public stairs and the public elevator during her one-year period of employment; on this day, she chose the stairs.

¶ 5 On cross-examination, counsel for Employer questioned Claimant regarding her fall, and the following exchange occurred:

Q. To the best of your knowledge, was there anything on the stairs that you tripped on, like someone had left something there, or there was any fluid or anything?

A. I don't know.

Q. As far as you know, you just slipped and fell?

A. I just—To my knowledge. I don't know.

Q. And you were there; I mean I wasn't. So when you fell, were your clothes wet because there was any type of puddle or anything?

A. It was raining that day. I wouldn't know.

Q. Okay. But it wasn't like there was an object that you know you stepped on and twisted your ankle and fell because of it?

A. I don't—I don't know. I mean, I wasn't looking—I mean I didn't look down. I don't know.

Q. As far as you know, you just misstepped, and that's what caused the fall?

A. I don't know how the fall occurred. I really don't.

¶ 6 The trial court denied Claimant's request for benefits. Citing *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288, in its order, the trial court found that Claimant failed to meet her burden of proving she sustained an accidental personal injury arising out of and in the course of her employment. The trial court determined that the "increased risk" test of *Odyssey/Americare of Oklahoma v. Worden*, 1997 OK 136, 948 P.2d 309, applied and required Claimant to show that her employment subjected her to some risk that exceeded the ordinary hazards to which the general public is exposed. The trial court additionally noted in its order: "There was no evidence presented that the stairway where claimant fell was the exclusive means of ingress and egress to her office or that it exposed claimant to a greater risk than the general public."

¶ 7 Claimant appealed to a three-judge panel, which, with one judge dissenting, determined that the trial court's order was neither contrary to law nor against the clear weight of the evidence and, therefore, should be affirmed. Claimant now seeks review in this court, asserting that the lower court's order is erroneous as a matter of law.

¶ 8 Generally, the issue of whether an injury arises out of and in the course of the claimant's employment is a question of fact for the Workers' Compensation Court, and the any-competent-evidence standard of review applies. *City of Edmond v. Monday*, 1995 OK 132, ¶ 4, 910 P.2d 980, 983. However, where there are no disputed facts, a question of law is presented. *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795. This court reviews a trial court's conclusions of law by a de novo standard, performing an independent, non-deferential re-examination of the trial court's legal rulings. *Weeks v. Cessna Aircraft Co.*, 1994 OK CIV APP 171, 895 P.2d 731. If the undisputed facts do not support the workers' compensation order, the order will be vacated. *Fudge v. University of Oklahoma*, 1983 OK 67, ¶ 11, 673 P.2d 149, 152; *Greenway v. National Gypsum Co.*, 1956 OK 88, ¶ ——, 296 P.2d 971, 973–74.

¶ 9 "Oklahoma's jurisprudence has long recognized that a compensable work-related injury must *both* (1) occur *in the course of* and (2) *arise out of* the worker's employment." *Burns,* 1995 OK 58 at ¶ 5, 903 P.2d at 290–91 (footnotes omitted); 85 O.S. Supp.1997 § 3(10)(a). The phrase " *'in the course of* employment' relates to the time, place or circumstances under which the injury is sustained." *Id.* at ¶ 5 n. 3, 903 P.2d at 290 n. 3. The determination of whether an injury arises out of employment "contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment." *Fudge,* 1983 OK 67 at ¶ 4, 673 P.2d at 150. "Only injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of employment." 85 O.S. Supp.1997 § 3(10)(a).

¶ 10 In *Burns,* 1995 OK 58 at ¶ 12, 903 P.2d at 293, the supreme court held that the 1986 amendment to section 3 abrogated the "positional-risk" test. This is a probative device aiding claimants, which previously had been relied on to supply the employment-related risk—the causal nexus to employment. *Id.* The *Burns* court found no employment-related risk had been proved where a worker was killed by a third-party assailant while at a motel during an out-of-town business trip. The court emphasized that "[n]o longer may an injury be viewed as compensable *solely* because the worker, while in the course of employment, was exposed to the risk of harm." *Id.* at ¶ 7, 903 P.2d at 292 (footnote omitted). However, the court in *Burns* did not address an injury sustained on the employer's premises, nor did it purport to totally negate workers' compensation case law prior to 1986. The court stated that "*pre–1986* jurisprudence on the quantum of proof needed to support an injury's nexus to employment must be re-examined for its conformity to the present-day probative regime." *Id.* at ¶ 6, 903 P.2d at 291.

¶ 11 Generally, injuries sustained while going to and coming from work, when occurring on employer premises, have been deemed to have arisen out of and in the course of employment. *Fudge,* 1983 OK 67 at ¶ 4, 673 P.2d at 150. The supreme court has held that an injury that occurs under these circumstances arises out of and in the course of employment because employment, within the meaning of the Workers' Compensation Act, "does not begin and end with the actual work which the injured person was employed to do, but covers the period between his entering the employer's premises a reasonable time before beginning his actual work and his leaving the premises within a reasonable time after his day's work is done." *Greenway,* 1956 OK 88 at ¶ ——, 296 P.2d at 973. The employment contemplates the claimant's entry upon and departure from the premises "as much as it contemplate[s] his working there, and must include a reasonable interval of time for that purpose." *E.I. duPont deNemours & Co., Inc. v. Redding,* 194 Okla. 52, 54, 147 P.2d 166, 168 (1944)(quoting *Freire v. Matson Navigation Co.,* 19 Cal.2d 8, 118 P.2d 809, 812 (Cal. 1941)).

¶ 12 In *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932, the supreme court, as required by *Burns,* re-examined the situation of an on-the-premises injury sustained by an employee while going to or from work. The claimant in *Corbett* was injured on an employer-provided parking lot. The court stated the facts as follows:

[Corbett] left his assigned station at an employer-designated locale, started his motorcycle, and was attempting to pull out of the parking lot when he lost control of the vehicle and hit a fence upon the premises. According to his testimony, his departure occurred "just before lunch started." His *undisputed purpose* for the trip was to do personal business with his bank.

*Id.* at ¶ 4, 936 P.2d at 933. Based on these facts, the court determined the claimant's injury resulted from a purely personal risk because he was leaving the parking lot before his lunch break on a personal errand when he was injured. The court held that "[t]he causative risk claimant encountered demonstrates no connection to his work duties." *Id.* at ¶ 12, 936 P.2d at 935.

¶ 13 However, the court in *Corbett* also noted that, "[w]hen they occur on premises owned or controlled by the employer, injuries sustained by an employee *while go-*

*ing to or from work* may be compensable ... if ... the claimant's employment is shown to have a connection to the causative risk encountered." *Id.* at ¶ 8, 936 P.2d at 934. In footnote 7 of *Corbett*, the court cites three cases in support of this rule and states: "When the employee's presence in the workplace parking lot is *unquestionably employment-related*, there is no need for the court to further inquire into the 'arising out of' prong as a separate issue." *Id.* at n. 7.

¶ 14 One of the cases cited by the *Corbett* court in footnote 7 is *Max E. Landry, Inc. v. Treadway*, 1966 OK 259, 421 P.2d 829. In that case, the employer conducted its business in a building where several other businesses were operated, and the owner of the building provided a parking lot for the employees and customers of the building to use. On the morning of her accident, the claimant arrived at the building at her usual time for work and, after getting out of her car in the parking lot, she slipped and fell. *Id.* at ¶ 6, 421 P.2d at 830. The court held that (1) when an employer acquiesces in employees' use of a parking lot at the building where the employer's business is located, the parking lot constitutes the premises of the employer for application of workers' compensation law, *id.* at ¶ 9, 421 P.2d at 830; and (2) "when an employee is injured on his way to work and while on the *Employer's premises* the injury suffered does arise out of and in the course of his employment." *Id.* at ¶ 16, 421 P.2d at 831.[1]

¶ 15 In the instant case, Claimant was arriving to begin her work day when she fell and injured herself on the stairway. According to *Corbett* and the other authorities set forth above, this injury, which occurred on Employer's premises when Claimant was reporting for work, clearly arose out of and in the course of Claimant's employment. Thus, the lower court's finding that Claimant's injury did not arise out of and in the course of her employment is erroneous as a matter of law. *See Brazeal v. Citgo Petroleum Corp.*, 1997 OK CIV APP 61, 946 P.2d 680.

¶ 16 Despite the decision in *Corbett*, Employer urges us to conclude that the order denying compensation was not erroneous and that use of the "increased risk test," as applied in *Odyssey/Americare of Oklahoma v. Worden*, 1997 OK 136, 948 P.2d 309, is required herein. We note that the claimant in *Worden* was not on her employer's premises when she was injured. She was a field nurse who worked out of her home, reporting to her employer's office about once a week. She slipped on wet grass in her yard and fell as she was walking to her car to go to a patient appointment. Thus, the supreme court determined that the case was "controlled by the increased risk test *for the arising out of element* of coverage provided in the Workers' Compensation Act." *Id.* at ¶ 20, 948 P.2d at 313 (emphasis added). Applying that test, it identified the risk as wet, slippery grass due to rain and concluded there was no evidence presented by the claimant linking that risk to her employment. *Id.* at ¶ 21, 948 P.2d at 313.

¶ 17 Here, however, Claimant was on Employer's premises, climbing a stairway to begin her work, and the use of the stairway was acquiesced in by Employer. Under those circumstances, as explained by the court in *Corbett*, 1997 OK 40 at ¶ 8 n. 7, 936 P.2d at 934 n. 7, and cases cited therein, there was "no need" to apply the increased-risk test to determine the arising out of element.

¶ 18 Based on the foregoing rationale, we find Claimant's injury to be compensable. The decision of the three-judge panel is reversed. The cause is remanded for further proceedings.

¶ 19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, J., and RAPP, J., concur.

---

1. In support of this general rule, the court in *Treadway* cited *Greenway v. National Gypsum Co.*, 1956 OK 88, 296 P.2d 971 (claimant slipped and fell down employer's stairway on leaving work at end of work day), and *E.I. duPont de Nemours & Co., Inc. v. Redding*, 194 Okla. 52, 147 P.2d 166 (1944)(claimant fell in employer-controlled parking lot while proceeding to vehicle to go home).