2000 OK CIV APP 73

**Robert HYDE, Petitioner,**

v.

**BUDGET INDUSTRIES, National American Insurance and the Workers' Compensation Court, Respondents.**

**No. 93,568.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 25, 2000.

Certiorari Denied May 9, 2000.

Jackson M. Zanerhaft, Tulsa, Oklahoma, For Petitioner.

Paul V. McGivern, Jr., McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, For Respondent.

JOPLIN, Judge:

¶ 1 Petitioner Robert Lloyd Hyde (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's order denying Claimant compensation for accidental personal injury allegedly arising out of and in the course of Claimant's employment with Respondent Budget Industries (Employer). In this proceeding, Claimant asserts the Workers' Compensation Court erred as a matter of fact and law in holding Claimant's injury did not arise out of Claimant's employment. Having reviewed the record, we conclude the lower court indeed erred as alleged. We consequently hold the order of the Workers' Compensation Court should be vacated and the cause remanded for further proceedings.

¶ 2 The facts are uncontroverted. Claimant worked for Employer as a welder. Employer maintained the employees' restroom in a building adjacent to the building in which Claimant normally worked. Claimant testified that during his normal work hours, he sustained an injury on Employer's premises when he slipped and fell on ice between his building and the adjacent building as he went to use the restroom. Claimant also testified that he subsequently notified one of Employer's office employees of the occurrence, and that the co-employee averred a belief that the icy spot had been previously salted, or had been directed to be salted.

¶ 3 On the evidence, the trial court denied the claim, holding:

–1.–

THAT claimant's injury did not arise out of his employment within the meaning of the Workers' Compensation Act. *Odyssey/Americare of Oklahoma v. Worden*, 1997 OK 136, 948 P.2d 309.

Claimant appealed, and a three-judge panel, over a "strongly dissent[ing]" vote, affirmed the order of the trial court.

¶ 4 Claimant now seeks review in this Court, first asserting the lower court misapplied the "increased risk" test, now codified at *85 O.S. 3* (10)(a) and restated in *Odyssey/Americare of Oklahoma, supra*, in hold-

ing his injury did not "arise out of" the employment. In this respect, *85 O.S. 3* (10)(a), formerly § 3(7)(a), provides that "[o]nly injuries having as their source a risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment," and the Oklahoma Supreme Court has construed § 3(7)(a), and hence § 3(10)(a), to "[demand] that the risk responsible for injury be causally connected to employment and exceed the ordinary hazards to which the general public is exposed." *American Management Systems, Inc. v. Burns,* 1995 OK 58, ¶ 7, 903 P.2d 288, 292.

¶ 5 The facts of the present case undeniably show occurrence of the complained-of injury *on Employer's premises,* not at some location remote from the employer's place of business as in *Odyssey/Americare of Oklahoma.* The on-premise/off-premise distinction, in our view, constitutes a substantial factor in the present case, because even an injury sustained in the course of "personal comfort missions (e.g. using restroom facilities), *during working hours on employer's premises*" is "appropriate[ly] ... view[ed] ... as having arisen out of employment." *Barnhill v. Smithway Motor Express,* 1999 OK 82, ¶ 16, 991 P.2d 527, 532. (Emphasis original.) *Accord, Furr v. Wal–Mart,* 1998 OK CIV APP 147, ¶¶ 7–11, 966 P.2d 1193, 1195–96.[1] In this respect, and analyzing the on-premises/off-premises distinction, our sister division has held:

> '[W]hen they occur on premises owned or controlled by the employer, injuries sustained by an employee ... may be compensable ... if ... the claimant's employment is shown to have a connection to the causative risk encountered.' (Citation omitted.) ... *'When the employee's presence in the workplace ... is unquestionably employment_related, there is no need for the court to further inquire into the "arising out of" prong as a separate issue.'* (Citation omitted.)

*Barre v. TCIM Services, Inc.,* 1998 OK CIV APP 179, ¶ 13, 971 P.2d 874, 877–878.[2] (Emphasis added.) *Barre* quoted the empha-

sized language from *Corbett v. Express Personnel,* 1997 OK 40, ¶ 8, 936 P.2d 932, 934, n. 7.

¶ 6 In this vein, the facts uncontrovertedly show that Employer maintained the employees' restroom on Employer's premises but in a different building from Claimant's normal workplace, i.e., that Claimant had no choice of restrooms to use, and that this circumstance required Claimant to traverse the patch of ice in order to reach the employees' toilet. The uncontroverted facts also show that Claimant sustained an injury on Employer's premises when he slipped on the patch of ice, and there is no question that Claimant's presence at the workplace on Employer's premises was employment-related. The uncontroverted evidence thus established both that Claimant's presence at the workplace on Employer's premises was employment-related, and that "the [C]laimant's employment [had] a connection to the causative risk encountered." Claimant's injury thus "arose out of" Claimant's employment. *Barre,* 1998 OK CIV APP 179, ¶ 13, 971 P.2d at 877–878; *Corbett,* 1997 OK 40, ¶ 8, 936 P.2d at 934, n. 7.

¶ 7 We consequently find the *Odyssey/Americare of Oklahoma* analysis inapplicable, and hold the lower court erred as a matter of both fact and law in holding Claimant sustained no accidental personal injury arising out of and in the course of his employment with Employer. The order of the three-judge panel denying the claim is consequently VACATED, and the cause REMANDED for further proceedings.

¶ 8 HANSEN, V.C.J., and ADAMS, J., concur.

---

1. In *Barnhill,* the Oklahoma Supreme Court cited *Furr* with apparent approval.

2. In *Barnhill,* the Oklahoma Supreme Court also cited *Barre* with apparent approval.