2000 OK CIV APP 114

**Claudia Louise WATHAN, Petitioner**

v.

**QUICK TEST, INC. and the Workers' Compensation Court, Respondents.**

**No. 94,145.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 16, 2000.

As Corrected June 20, 2000.

Certiorari Denied Oct. 4, 2000.

Martha R. Kulmacz, Keel and Kulmacz, Oklahoma City, Oklahoma, for Petitioner.

Paul F. Fernald, Edmond, Oklahoma, for Respondents.

## OPINION

ADAMS, Judge.

¶1 In this case we are called upon to decide whether a worker injured on the employer's premises while engaged in a work-related activity as a result of a so-called "neutral risk" is required to prove that he or she was at a "greater risk of injury" than the ordinary public. We hold such proof is not required. We vacate the trial court's order which denied the claim of Claudia Wathan (Claimant) because she did not prove she was at "greater risk of injury" and remand the case for the trial court to reconsider the evidence in the light of this holding.

¶2 Claimant worked for Employer Quick Test, Inc., conducting interviews of various people on Employer's premises as part of market research. According to her evidence, she sustained a meniscal tear in her left knee when she attempted to push back the folding metal chair on which she was sitting in order to rise to escort an interviewee out of the office and deliver paper work to others in the office. The chair did not slide or move on the carpeted floor. Her knee "popped" as she used her left leg to try and push the balky chair away from the table.

¶3 The trial court denied her claim for temporary total disability, concluding that her injury was not compensable. In so concluding, the trial court made the following findings which are significant for this case:

–3.–

THAT the question is whether the act of rising from a chair and injuring one's knee can be said to arise out of the employment.

–4.–

THAT the use of chairs is an activity that one encounters as a matter of daily living as well as a work related activity.

–5.–

THAT the chair in question was a regular metal folding chair.

–6.–

THAT the Court views the chair as a neutral risk of injury. As such claimant is required to show that her employment exposed her to a greater risk of injury from getting out of her chair than that encountered by a member of the general public.

–7.–

THAT on the evidence presented claimant has failed to show that her employment with respondent exposed her to an increased risk of injury. There was nothing unusual about the metal folding chair or the carpeted flooring that is shown to have created an increased risk in this instance.

■ ¶ 4 It is apparent from these conclusions that the trial court did not deny Claimant's request for benefits on any other basis. Therefore we cannot accept Employer's invitation to sustain the trial court's order because, according to Employer, the trial court heard competent evidence from which it could conclude that Claimant's problems were a manifestation of a pre-existing problem with her knee which was not aggravated by her employment. The trial court never considered that question because the judge found Claimant had not produced evidence of "increased risk." The imposition of that burden on the undisputed facts here is an error of law, and we do not apply the "any competent evidence" standard of review.

¶ 5 The so-called "increased risk" requirement was articulated in *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288. Mr. Burns was in Oklahoma City on assignment for his employer and was required by his employment to spend the night. After Mr. Burns was found murdered in his motel room, his wife filed a workers' compensation claim. His assailant was unknown. The workers' compensation court rejected for lack of proof the employer's argument that Mr. Burns was on a purely personal mission at the time of his death and, relying on *Fox v. National Carrier*, 1985 OK 91, 709 P.2d 1050, awarded Mrs. Burns survivor benefits.[1]

¶ 6 The *Burns* Court vacated that order. In doing so, the Court characterized *Fox* as applying the "positional-risk test" and concluded that a 1986 amendment to 85 O.S.1981 § 3(7) prevented continued application of the rule expressed in *Fox*.[2] As a result of the Legislature's action, the Court concluded that "[n]o longer may an injury be viewed as compensable *solely* because the worker, while in the course of employment was exposed to the risk of harm. *The law demands that the risk responsible for injury be causally connected to employment and exceed the ordinary hazards to which the general public is exposed.*" *American Management Systems, Inc. v. Burns*, 1995 OK 58, ¶ 7, 903 P.2d at 292. (Emphasis in original; footnotes omitted). This test relates to the "arising out of employment" prong of the statutory requirement that compensable injuries are those "arising out of and in the course of" the claimant's employment.

¶ 7 Although Mr. Burns was not injured on his employer's premises and at the time of his injury and death he was not engaged in some specific employment activity, nothing in *Burns* suggested that the "increased risk" test articulated there would apply only when the employee was injured at a location not on the employer's premises or was not injured as a result of risk inherent in the employee's job duties. However, cases following *Burns* have so limited its application.

1. *Fox* held a truck driver who choked on a piece of sausage, gagged, and ruptured a cervical disk as a result of violent vomiting was entitled to compensation because "eating is necessarily incidental to the work of a traveling employee" and "injuries arising thereof are compensable." 1985 OK 91, ¶ 12, 709 P.2d at 1053.

2. After the amendment, 85 O.S.Supp.1986 § 3(7) provided:
    "Injury or personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. *Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deem    to arise out of the employment."* (Emphasis added).
    The emphasized language was added by the 1986 amendment.

¶ 8 In *Darco Transportation v. Dulen,* 1996 OK 50, 922 P.2d 591, the Court sustained a trial court award of benefits to a truck driver who was injured when the truck he was driving was struck by a train at a railroad crossing where the protective arms allegedly malfunctioned. The Court concluded that result was permissible even if the driver was simultaneously engaged in a sexual act with his passenger, as contended by the employer. Because the driver was unquestionably in the place where his employment required him to be and was performing a work-related task, driving the truck, his injuries could be said to "arise out of his employment." Although generally citing *Burns,* the Court did not discuss the application of the "increased risk" test and did not determine whether the driver's risk of a traffic accident was greater than that of other motorists on the road.

¶ 9 In *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932, the Court sustained the denial of an award of benefits to an employee who was injured when the motorcycle he was riding struck the fence surrounding his employer's parking lot. The Court held the record contained competent evidence that the claimant was on a "personal mission" at the time he was injured. However, the Court reaffirmed the viability of the general rule that injuries occurring on the employer's premises as the employee is going to or from work are compensable if there is a causal connection between the claimant's employment and the risk causing the injury *or* the risk which gave rise to injury was created or maintained by the employer. More specifically, the Court concluded that "when the employee's presence in the workplace parking lot is *unquestionably employment-related, there is no need for the court further to inquire into the 'arising out of' prong as a separate issue."* *Corbett,* 1997 OK 40, n. 7, 936 P.2d at 934. (Italics in original; underline added).

¶ 10 In *Barre v. TCIM Services, Inc.,* 1998 OK CIV APP 179, 971 P.2d 874, another Division of this Court vacated a denial of benefits where the claimant fell on the stairway she had to ascend to get to her office in the building which was leased in its entirety by her employer. Relying upon the language quoted above from *Corbett,* the Court concluded there was an unquestioned causal connection between the claimant's employment and a risk on her employer's premises and the "increased risk" test was inapplicable. Subsequently, the Oklahoma Supreme Court cited *Barre* with apparent approval in *Barnhill v. Smithway Motor Express,* 1999 OK 82, 991 P.2d 527. Finally, this Division vacated a trial court denial of benefits to an employee who slipped on ice while going to a bathroom located on the employer's premises in *Hyde v. Budget Industries,* 2000 OK CIV APP 73, 8 P.3d 180, (2000), after concluding that the "increased risk" test did not apply.

¶ 11 The circumstances in this case are even more compelling than those in *Barre* and *Hyde.* Claimant was not on her way to work or on her way to the restroom when she was injured. She was actually engaged in performing the express duties of her employment, using equipment furnished by her employer on premises maintained by her employer. Her presence in the workplace and her use of the chair on the carpet were *"unquestionably employment-related* [and] there is no need for the court further to inquire into the 'arising out of' prong." *Corbett,* 1997 OK 40, n. 7, 936 P.2d at 934. (Italics in original). The trial court erred in requiring Claimant to prove she was at "greater risk of injury" than the general public from the interplay between the chair and the carpet.

¶ 12 The trial court's order denying her claim is vacated, and the case is remanded for further proceedings, including consideration of Employer's argument that her injury did not result from the incident discussed here but from a pre-existing condition in her knee which was not aggravated by Claimant's employment.

VACATED AND REMANDED

¶ 13 HANSEN, V.C.J., and JOPLIN, J., concur.