2001 OK CIV APP 32

**PASCHALL TRUCK LINES, and Legion Insurance, Petitioners,**

v.

**Charles CARPENTER, and The Workers' Compensation Court, Respondents.**

**No. 94,519.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 27, 2000.

Certiorari Denied Feb. 21, 2001.

Paul A. Scott, Melodie Martin, Oklahoma City, Oklahoma, for Petitioners.

James E. McCright, Oklahoma City, Oklahoma, for Respondents.

## OPINION

HANSEN, V.C.J.:

¶1 Petitioners, Paschall Truck Lines and Legion Insurance (Employer), seek review of an order of a three-judge panel of the Workers' Compensation Court vacating the decision of the trial court which found the claimant's injury did not arise out of his employment. We sustain the panel's order because it is supported by competent evidence.

¶2 Respondent, Charles Carpenter (Claimant), and his wife worked for Employer as team drivers. On January 8, 1998, they were driving a truck westbound on I–44 between Tulsa and Oklahoma City. Claimant testified they had stopped the night before because of ice. He said at daylight, he checked the highway, found it slushy, and decided to continue on. Claimant testified,

> [A]fter I got back on the highway[,] the slush coming up, the wiper blade on the driver's side was not cleaning right. It had chunks out of it from the ice pulling on it. So, I pulled in there to get a wiper blade.

> . . .

> At the Stroud exit. Pulled in there to get a wiper blade. Also I was going to use the restroom and there's a McDonald's there; going to pick up a quick sandwich to go.

Claimant said he got out of his truck, and as he was walking to the sidewalk, he slipped on ice. He hit his head and lost consciousness. When he awoke, he was in an ambulance on the way to the Stroud Hospital.

¶3 On cross-examination, Claimant testified he parked in the first available parking space, which was close to the restaurant. He agreed he slipped on ice and oil. Employer sought to impeach Claimant's testimony regarding the purpose of his mission with Claimant's deposition testimony:

> Q Now, today you just said you were on your way to get the windshield wiper. Let me remind you on page 17 of your deposition I asked you this question, starting line 10: But you were on your way to McDonald's at the time of the slip and fall? And you gave this answer: Right.

> Do you recall being asked that question and giving that answer at that time, sir?

> A Sure.

> . . .

> Q So, were you lying when you told me that –

> A I was not. You asked me a question and I answered that I was going in to, telling you the three things that I was going to do. I was going to get a sandwich out of McDonald's, use the bathroom and pick up a wiper blade and not necessarily in that order because it would have[,] not have been the way to do it; not the way I would have done it.

On redirect examination, Claimant said he would have picked up the sandwiches last so they would be hot when he got back to the truck.

¶4 After the close of evidence, the trial court issued its order denying compensability, ruling as follows:

> THAT the Court accepts claimant's testimony that he fell while walking to a service station to get a replacement wiper blade for his truck. This fall occurred in the parking lot of a McDonald's restaurant.

> HOWEVER, the Court finds that claimant's fall on the ice did not arise out of his employment and his claim for compensation is DENIED.

¶5 Claimant appealed the order to a three-judge panel. In a 2–1 vote, the panel vacated the trial court's order, finding "claimant sustained accidental personal injury to the HEAD, NECK and LOW BACK

arising out of and in the course of claimant's employment." The dissenting member viewed the risk leading to Claimant's injury as a neutral risk that did not exceed the ordinary hazards to which the general public is exposed. Employer seeks review of this order, contending (1) injuries occurring due to neutral risks are not compensable, (2) the court *en banc* erred as a matter of law in finding that Claimant's injuries were not due to neutral risk, and (3) injuries occurring on personal missions are not compensable.

¶ 6 An injury must arise out of employment to be compensable under the Workers' Compensation Act. 85 O.S.Supp. 1997 § 11(A). In order to be deemed to arise out of employment, injuries must have "as their source a risk not purely personal but one that is causally connected with the conditions of employment." 85 O.S.Supp. 1997 § 3(10)(a). In *Odyssey/Americare of Oklahoma v. Worden*, 1997 OK 136, 948 P.2d 309, 311 (citation omitted), the Oklahoma Supreme Court discussed the types of risks:

> There are three categories of injury-causing risk an employee may encounter while in the course of employment: risks solely connected with employment, which are compensable; personal risks, which are not compensable; and neutral risks, such as weather risks, which are neither distinctly connected with employment nor purely personal. Whether a neutral risk that causes an injury is employment-related or personal is a question of fact to be decided in each case.

*Odyssey* is controlling as to the legal issues raised in Employer's first and second propositions of error. A neutral risk may be compensable if it is employment-related. A risk is employment-related if it exceeds the ordinary hazards to which the general public is exposed. *Id.* at 313. For a truck driver, though, "the perils of this servant's travel for his master are co-extensive with the risks of employment." *Darco Transp. v. Dulen*, 1996 OK 50, 922 P.2d 591, 596.

¶ 7 The panel did not find, and did not need to find, Claimant's injuries "were not due to neutral risk" as Employer asserts in its second proposition of error. Both the issues of whether Claimant's injury was caused by a neutral but employment-related risk and whether he was engaged in a personal mission are issues of fact. The Oklahoma Supreme Court has recently recapitulated the standard of review to be applied in this type of case:

> In that the questions are factual in nature, an appellate court uses the any-competent-evidence review standard in examining a compensation court's resolutions in regard thereto. This standard requires the compensation tribunal's non-jurisdictional findings not be disturbed on review if supported by competent proof. Only where there is no conflict in the evidence, and no opposite inferences may be drawn from undisputed proof, is it proper to treat such matters as questions of law. Whenever conflicting/ inconsistent inferences may be drawn from undisputed facts, the issue is one of fact, not one of law. In the final analysis, only when there is a lack of competent evidence to support a compensation court's determination(s) as to whether an injury does or does not arise out of and in the course of employment may an appellate court disturb a trial court's decision—if there is competent proof the decision must be sustained.

*Barnhill v. Smithway Motor Express*, 1999 OK 82, 991 P.2d 527, 529–530 (citations omitted).

¶ 8 Here, conflicting inferences may be drawn from the evidence. Possible inferences include (1) Claimant was injured while he was performing his job duties of maintaining his employer's truck in compliance with governmental regulations, and (2) the risks he encountered in doing so arose out of his employment. Because the record contains competent evidence from which the three-judge panel could make such findings, we may not disturb its decision. Accordingly, the order of the three-judge panel is **SUSTAINED**.

¶ 9 ADAMS, J., and JOPLIN, J., concur.