ESTATE of Russell SMITH, deceased, and
Mid-Continent Casualty Company, Petitioners,

v.

Ruby HEARON, Leta Faye Akerman and the
State Industrial Court, Respondents.

No. 41792.

Supreme Court of Oklahoma.

Feb. 14, 1967.

Rehearing Denied March 21, 1967.

H. W. Nichols, Jr., of Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Bingaman & Smith, Purcell, for respondent Ruby Hearon.

Carl Moslander, Oklahoma City, for respondent, Leta Faye Akerman.

DAVISON, Justice.

Based on a properly filed claim therefor, the State Industrial Court granted an award under the death benefit provisions of the Workmen's Compensation Law to or for the persons putatively entitled thereto in connection with the death of J. B. Hearon in an industrial accident which occurred while the decedent was employed by respondent within the purview of the Workmen's Compensation Law. The parties will be referred to as they made their appearance before the trial court, as claimant or respondents, respectively.

The respondents have brought this appeal on the single issue of the sufficiency of evidence adduced before the trial court to sustain the finding that decedent received an accidental personal injury resulting in his death arising out of and in the course of his hazardous employment by the respondent.

The decedent, J. B. Hearon, was employed by Russell Smith, now deceased, as a truck driver. Both the employer Smith and the servant Hearon lost their lives in a common disaster. On the morning of Saturday, December 4, 1965, the master Smith and Hearon his servant, left the master's place of business in Hennessey, Oklahoma, in the master's automobile and traveled together to Duncan, Oklahoma, on the master's business. They returned together to Hennessey, Oklahoma, and to the master's place of business by the same mode of travel at about 3 o'clock p. m. About one-half hour later they left again together and went to Enid, Oklahoma, where the master maintained a two passenger aircraft which he owned.

The master and servant were thereafter seen together at Enid, Oklahoma, at the place where the aircraft was kept. They were next seen by a witness when, by some prearrangement, a kinswoman of the master went to a place near the town of Hennessey where the master landed the plane. The servant alighted from the machine and the kinswoman of the master entered and was taken for a brief flight by the master for no apparent purpose other than her entertainment. The master at that time directed the servant to await there the master's return for him. The aircraft was soon thereafter brought to earth again at the place where the servant had been left and the kinswoman left the plane and the servant re-entered it as a passenger. With the servant as a passenger the master again flew the aircraft away in the direction of Enid. Some five miles east of Enid, at about 6:30 p. m. the master and servant were killed when the aircraft crashed.

The business of the master was that of a sole proprietor and we are not concerned with any entity other than the master.

Respondents defend against the claim on the proposition that the injury sustained by the servant did not arise out of or in the course of his hazardous employment by the master.

The phrase "arising out of" denotes cause or origin of injury, while the phrase "in the course of" denotes the time, place and circumstances when, at and under which an injury occurs. Oklahoma Gas & Electric Co. v. Stout, 179 Okl. 312, 65 P.2d 477. Thus the terms are not synonymous. An act leading to injury, to qualify as compensable under the Workmen's Compensation Law as arising out of hazardous employment, must be a part of the duty the servant is employed to perform or must be reasonably incidental thereto. Stanolind Pipe Line Co. v. Davis, 173 Okl. 190, 47 P.2d 163. An act leading to a compensable injury occurring in the course of employment must occur within the period of employment at a place where

the workman reasonably may be and while he is reasonably fulfilling a duty of his employment or engaged in doing something incidental thereto. Associated Employers' Reciprocal v. State Industrial Commission, 82 Okl. 229, 200 P. 174.

In workmen's compensation cases employment is a contractual matter, express or implied. Petitioners argue in their brief that the working day of decedent ended upon his return in the company of his master to the master's place of business at about 3 p. m. on December 5, 1965. The record does not bear out this asserted conclusion. The testimony touching the decedent's hours of work duty is that of the surviving spouse of the decedent, uncontroverted, to the effect that decedent was on call 24 hours a day. Petitioners admit in their brief, and necessarily so, that generally the question of whether an injury arises out of and in the course of employment is one of fact to be determined by the State Industrial Court but if there is no dispute as to the facts it is purely a question of law. This principle is classically enunciated in Hughes v. Haco Drilling Co., Okl., 340 P.2d 472. Petitioners contend, however, that there is no evidence upon which the State Industrial Court could lawfully predicate a determination that the injury of decedent arose out of and in the course of his employment by the respondent. What the master proposed to do, and how he intended to further his purpose by the use of the services of his servant on the ill-fated journey is not to be known, as the master who made the decision, died with the servant. The claimant and surviving spouse testified she was advised on the fateful afternoon, by the master's bookkeeper, that the master and servant were away on business. In the absence of substantial evidence to the contrary the law indulges in the presumption that a claim for compensation comes within the provisions of the Workmen's Compensation Law. 85 O.S.1961, § 27(1); Platner v. Bill Moore Chevrolet Co., Okl., 400 P.2d 148. The statutory presumptions are only overcome by substantial evidence to the contrary in the record. Cooper v. Oklahoma City, Okl., 361 P.2d 483.

There is clear and uncontradicted evidence that the servant, when he entered the aircraft the last time, re-entered by pre-arrangement with the master. The craft was thereafter airborne to the moment of disaster insofar as the evidence discloses. There is testimony on the other hand to the effect that the master had never theretofore used the aircraft in his business.

There being evidence adduced before the trial court on which, with the presumption of the law, the trier of the facts could, and did, find the injury of the servant to have arisen out of and in the course of employment, such determination, supported by competent evidence, will not be overturned by this court on appeal.

Where there is joinder of issue on whether an injury arises out of and in the course of the employment the issue is one of fact to be determined by the State Industrial Court under the circumstances of each particular case and where there is competent evidence reasonably tending to support its finding it will not be disturbed on review. Graham-Michaelis Drilling Co. v. Atkins, Okl., 397 P.2d 658. On the record, here reviewed, had the State Industrial Court found that the injury causing the death of the decedent did not arise out of and in the course of his employment, an order denying an award would necessarily be vacated as there is in the record no evidence which would support such a finding. Greenway v. National Gypsum Co., Okl., 296 P.2d 971. The contention of the respondent is fundamentally a challenge of the sufficiency of the evidence adduced by the claimant. There is sufficient competent evidence in the record sustaining the finding of fact and the award based thereon.

The award of the State Industrial Court is sustained.

All of the Justices concur.