2000 OK 97

Stephanie Ann **TURNER**, Petitioner,

v.

**B SEW INN**, National American Insurance and The Workers' Compensation Court, Respondents.

No. 93,567.

Supreme Court of Oklahoma.

Dec. 19, 2000.

Rehearing Denied Feb. 8, 2001.

David A. Tracy, Paul B. Naylor, Tulsa, OK, for Petitioner.

Owen T. Evans, James B. Cassody, Tulsa, OK, for Respondents.

KAUGER, J.:

¶ 1 The question presented is whether an employee who is entering the workplace to begin work may recover compensation for injuries sustained in the employer's parking lot. We hold that the employee is entitled to workers' compensation benefits.

### FACTS

¶ 2 The respondent B. Sew Inn, (respondent/employer) is a retail store which sells sewing machines and supplies, and offers sewing classes. It is located in an outdoor shopping center in Tulsa, Oklahoma. The shopping center is lined with railroad ties which act as a curb along the store-front sidewalk. The petitioner, Stephanie Ann Turner (claimant), is employed by the respondent as a sales clerk and sewing instructor.

¶ 3 Because the store opens promptly at 10:00 a.m., the employer asked that employ-

ees arrive early enough to be ready to greet customers when the doors open. According to the claimant, she was directed by the store manager to reserve the parking spaces in front of the store for customers. The store's owner insists that the claimant was not told to park in a certain area, but the owner of the store admitted that she didn't want her employees to park where customers could park and easily come into the store.

¶ 4 Although she was not required to, the claimant sometimes took work home to prepare for her classes. On the morning of January 30, 1999, the claimant arrived to work at around 9:45 a.m. and parked her car in the shopping center parking lot. After exiting her car, the claimant walked towards the store's front door carrying an umbrella, a purse, a doll she had sewn for display, and materials she needed for a sewing class. Because it was raining, the claimant knew the railroad ties bordering the sidewalk would be wet and slick. To avoid a potential fall off a railroad tie, the claimant attempted to step over one and onto the sidewalk. Although her toe landed on the sidewalk, the rest of her foot stepped into a hole which caused her to fall and fracture her leg and ankle. Subsequently, the claimant filed a claim in the Workers' Compensation Court.

¶ 5 On August 2, 1999, the trial judge entered an order denying the claimant's claim for compensation, finding that her injury neither arose from nor occurred in the course of employment. The claimant appealed, and the Court of Civil Appeals sustained the Workers' Compensation Court. The claimant petitioned for certiorari which we granted on July 6, 2000. The Court of Civil Appeals opinion is vacated, and the trial court is vacated and remanded.

## ¶ 6 THE EMPLOYEE IS ENTITLED TO WORKERS' COMPENSATION BENEFITS .

¶ 7 The employer does not dispute that the claimant sustained an accidental injury in the shopping center parking lot. Rather, it contends that the injury neither arose out of nor occurred in the course of employment, and that it does not own or control the parking lot. It argues that the claimant is not enti-

tled to workers' compensation benefits because: 1) she was injured while going to work; 2) there was no causal relationship between her act of walking into the building and the requirements of employment; 3) her fall was the result of a "neutral risk" of wetness which is not an employment related risk or hazard maintained or controlled by the employer; and 4) she was exposed to no more risk than that to which the general public would be exposed. The employer relies on our decisions in *Odyssey/Americare of Oklahoma v. Worden,* 1997 OK 136, 948 P.2d 309 and *American Management Systems v. Burns,* 1995 OK 58, 903 P.2d 288, to support its argument.

¶ 8 The claimant counters that *Worden* and *Burns* are inapplicable because they involved injuries which occurred off the employer's premises. She argues because her injury occurred in the parking lot, while going into work, it is deemed to have arisen out of and in the course of employment. She asserts that: 1) our decision in *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932 and its underlying rationale are controlling and dispositive of this cause; and 2) the parking lot does not need to be directly owned or under the complete control of the employer to be considered the premises of the employer for workers' compensation purposes. Because the injury here occurred on what is deemed to be the employer's premises, we agree that *Worden* and *Burns* do not apply.

### A.

¶ 9 **For the Application of Workers' Compensation Law, the Parking Lot Constitutes the Employer's Premises.**

¶ 10 Neither party disputes that the owner of the shopping center provided the parking lot for the joint use and benefit of employees and customers, nor that the employer acquiesced in the employee's use of the landlord-provided parking lot. Similar situations existed in *Max E. Landry, Inc. v. Treadway,* 1966 OK 259, 421 P.2d 829 and *Swanson v. General Paint Co.,* 1961 OK 70, 361 P.2d 842.

¶ 11 The *Treadway* employer conducted its business in a building in which several other business were operated. The owner of the

building provided a parking lot for the employees and customers of the building to use. When the *Treadway* claimant arrived for work, she slipped and fell before entering the building. The Court held that insofar as workers' compensation law is concerned, a parking lot constitutes an employer's premises when the employer's landlord furnishes it for the joint use of tenants and their employees, and its use is acquiesced in by the employer.

¶ 12 In *Swanson,* an employee was killed while crossing a highway from the parking area to the place of employment. The landlord furnished a parking area for the convenience of its several tenants and their employees. The employer acquiesced in the employee's use of a landlord-provided parking lot. The *Swanson* Court held that the parking area constituted a part of the employer's premises within the meaning of the Act. Pursuant to the rule set forth in *Treadway* and *Swanson,* the shopping center parking lot constituted the employer's premises.

## B.

¶ 13 **The injury occurred in the course of and arose out of the claimant's employment.**[1]

¶ 14 A compensable work-related injury must occur in the course of and arise out of the worker's employment.[2] The "in the course of" prong relates to the time, place or circumstances under which the injury occurs.[3] To be considered in the course of employment, an accidental injury must occur within the period of employment at a place where the worker reasonably may be and while reasonably fulfilling a duty of employment, or engaged in doing something incidental thereto.[4] It tests whether, at the critical moment, the claimant was on a mission for the employer.[5] The "arise out of" prong contemplates a causal connection between the act engaged in at the time the injury occurs and the requirements of employment.[6] To meet the "arising out of" test, it must appear to the rational mind, upon considering all the circumstances, that a causal connection exists between the conditions under which the work is to be performed and the resulting injury.[7]

¶ 15 Ordinarily, an injury sustained while going to or from an employer's premises is not one which arises out of and in the course of employment within the meaning of the Act.[8] However, there is an exception to the rule if the injury occurs on premises owned or controlled by the employer.[9] In *Swanson,* the Court recognized that:

> "When landlord of several industrial tenants furnishes a parking yard for the joint use of such tenants and their employees,

---

1. Because the employee's injuries arose out of her employment, there is no need to apply the "increased risk" test of *Odyssey/Americare of Oklahoma v. Worden,* 1997 OK 136, 948 P.2d 309 . This test relates to the "arising out of employment" prong of the statutory requirement that compensable injuries are those "arising out of and in the course of" the claimant's employment. See, *Darco Trans. v. Dulen,* 1996 OK 50, 922 P.2d 591; *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932.

2. Title *85 O.S. Supp.1997 § 11; Lanman v. Oklahoma County Sheriff's Office,* 1998 OK 37, ¶ 8, 958 P.2d 795; *City of Edmond v. Monday,* 1995 OK 132, ¶ 4, 910 P.2d 980.

3. *Lanman v. Oklahoma County Sheriff's Office,* see note 2, supra at ¶ 10; *Fudge v. University of Oklahoma,* 1983 OK 67, ¶ 4, 673 P.2d 149.

4. *Barnhill v. Smithway Motor Express,* 1999 OK 82, ¶ 11, 991 P.2d 527; *Estate of Smith v. Hearon,* 1967 OK 43, ¶ 4, 424 P.2d 970.

5. *Barnhill v. Smithway Motor Express,* see note 4, supra; *Lanman v. Oklahoma County Sheriff's Office,* see note 2, supra.

6. *Stroud Municipal Hosp. v. Mooney,* 1996 OK 127, ¶ 5, 933 P.2d 872; *Fudge v. University of Oklahoma,* see note 3, supra.

7. Barnhill v. *Smithway Motor Express,* see note 4, supra at ¶ 12; *City Bus Co. v. Lockhart,* 1951 OK 86, ¶ 6, 229 P.2d 586.

8. *Harris v. La Quinta,* 1997 OK 50, ¶ 2, 937 P.2d 89; *Stroud Muncipal Hosp. v. Mooney,* see note 6, supra at ¶ 6; *City of Edmond v. Monday,* see note 2, supra at ¶ 7; *Christian v. Nicor Drilling Co.,* 1982 OK 76, ¶ 4, 653 P.2d 185; *Fluor Engineers & Contractors, Inc. v. Kessler,* 1977 OK 37, ¶ 8, 561 P.2d 72.

9. *Stroud Municipal Hosp. v. Mooney,* see note 6, supra; *Fluor Engineers & Contractors, Inc. v. Kessler,* see note 8, supra.

and the use thereof by employees is acquiesced in by the employers, such area constitutes premises of such employers in the application of the Workmen's Compensation Law."

The reason for this exception is that, for workers' compensation purposes, the course of employment does not begin and end with the actual work a claimant was hired to do. It also covers the period between entering the employer's premises a reasonable time before beginning any actual work and leaving within a reasonable time after the day's work is done.[10]

¶ 16 Since 1944, this Court has consistently recognized that when an injury occurs on premises owned or controlled by the employer while going to and coming from work, it is deemed to have arisen out of and in the course of employment.[11] Likewise, we have consistently limited the application of this rule by requiring a causal connection between the injury and employment[12] or that the precipitating risk of harm was created or maintained by the employer.[13]

¶ 17 In *Fox v. Nat'l Carrier*, 1985 OK 91, 709 P.2d 1050, a truck driver recovered workers' compensation benefits after choking on a piece of sausage and rupturing a cervical disc. The Court held that because eating is necessarily incidental to the work of a traveling employee, injuries to traveling employees arising out of eating are compensable under the workers' compensation act. In 1986, in an apparent response to *Fox*, the Oklahoma Legislature amended the Workers' Compensation Act (Act), *85 O.S. Supp.1986 § 3* (7) to require that "only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of employment."[14]

¶ 18 The Court addressed the legislative change to the Act in *American Management*

---

**10.** *Barnhill v. Smithway Motor Express*, see note 4, supra at ¶ 15; *Greenway v. National Gypsum Co.*, 1956 OK 88, ¶ 7, 296 P.2d 971; See, *Nelson Electric Mfg. Co. v. Shatwell*, 1950 OK 209, 222 P.2d 750.

**11.** *Thomas v. Keith Hensel*, 1982 OK 120, ¶ 5, 653 P.2d 201; *Fudge v. University of Oklahoma*, see note 3, supra; *Morris v. City of Oklahoma City*, 1979 OK 174, ¶ 4, 606 P.2d 1129; *Max E. Landry, Inc. v. Treadway*, 1966 OK 259, ¶ 8, 421 P.2d 829; *Greenway v. National Gypsum Co.*, see note 10, supra; *Nelson Electric Mfg. Co. v. Chatwell*, see note 10, supra at ¶ 15; *E.I. Du Pont De Nemours & Co., Inc. v. Redding*, 1944 OK 151, ¶ 9, 147 P.2d 166. See, *Roxana Petroleum Corp. v. State Indus. Comm'n*, 1928 OK 744, 272 P. 847; *Superior Smokeless Coal & Mining Co. v. Hise*, 1923 OK ——, 213 P. 303.

**12.** See, *Barnhill v. Smithway Motor Express*, note 4, supra; *Ogg v. Bill White Chevrolet Co.*, 1986 OK 26, 720 P.2d 324; *Thomas v. Keith Hensel*, note 11, supra; *Belscot Family Center v. Sapcut*, 1973 OK 41, 509 P.2d 905; *White v. Milk Producers, Inc.*, 1972 OK 48, 496 P.2d 1172; *Walk v. S.C. Orbach Co.*, 1964 OK 144, 393 P.2d 847; *E.I. Du Pont De Nemours & Co., Inc. v. Redding*, note 11, supra.

**13.** *Corbett v. Express Personnel*, see note 1, supra. See, *Fudge v. University of Oklahoma*, note 3, supra; and *Swanson v. General Paint Co.*, 1961 OK 70, 361 P.2d 842.

**14.** Title *85 O.S. Supp.1986 § 3* (7) provides:
" 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined. Provided, only injuries having as their source of risk not purely personal but one that is causally connected with the conditions of employment shall be deemed to arise out of the employment."
The current version, which remains unchanged except for the exclusion of the word "provided" is now found at *85 O.S. Supp.1997 § 3* (10). Prior to 1986, the definition of injury or personal injury at *85 O.S.1981 § 3* (7), stated:
" 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom and occupational disease arising out of and in the course of employment as herein defined."
The Legislature also repealed a provision which required an employer to produce "substantial evidence" to overcome a presumption that an injury was compensable under the Act. See, *85 O.S.1981 § 27* (repealed). Although Oklahoma cases relied primarily on the increased risk doctrine to determine whether a risk arose out of a worker's employment, before 1986, the peculiar risk test and positional risk test had also been applied. *Odyssey/Americare of Oklahoma v. Worden*, see note 1, supra at ¶ 12; See, e.g., *Halliburton Services v. Alexander*, 1976 OK 16, ¶ 11, 547 P.2d 958 (Where accidental injury results from risk factor peculiar to task performed, it arises out of employment.); and *Fox v. National Carrier*, 1985 OK 91, ¶ 11, 709 P.2d 1050 (But for claimant's employment as a truck driver he would not have been exposed to risk of choking on food at restaurant.).

*Systems v. Burns,* 1995 OK 58, 903 P.2d 288. In *Burns,* we determined that the Legislature's revision required that the risk responsible for the injury be causally connected to the employment. The risk must exceed ordinary hazards to which the general public is exposed for the injury to be compensable. *Burns* involved a worker's widow who sought compensation for death benefits after her husband was robbed and murdered at a motel while traveling for his employer-clearly an "off premises" injury. Nothing in the record showed the presence of any employment-related risk factors separate from those which could be encountered by the general public using similar lodging. Consequently, the worker's death was not proven to have arisen out of his employment.

¶ 19 Two years later, in *Odyssey/Americare of Oklahoma v. Worden,* 1997 OK 136, 948 P.2d 309 we recognized that there were three categories of injury-causing risks which an employee may encounter while in the course of employment: risks solely connected with employment which are compensable; personal risks, which are not compensable; and neutral risks, such as weather risks, which are neither distinctly connected with employment nor purely personal. Whether a neutral risk which causes an injury is employment-related or personal is a question of fact to be decided in each case.

¶ 20 *Worden* involved a field nurse who worked out of her home scheduling appointments with patients and traveling to visit them. The nurse was seeking compensation for an injury that occurred when she slipped on wet grass in her yard while walking to her car to go to a work-related appointment. The Workers' Compensation Court denied benefits and a three-judge review panel of the Workers' Compensation Court reversed the trial court. On remand, the trial court awarded benefits and the employer appealed the order. The Court of Civil Appeals sustained it. We held that the order allowing compensation was erroneous because the claimant encountered the neutral risk of wet and slippery grass due to rain. Her employment exposed her to no more risk of injury from wet grass than that encountered by any member of the general public. The injury occurred off the employer's premises at the nurse's residence. Because no evidence was presented linking the risk to her employment, the injury did not arise from her employment.

¶ 21 *Worden* and *Burns* are not dispositive of this cause. In neither case did the Court consider injuries sustained on the employer's premises while going to or from the workplace. Facts more analogous to those presented here are found in *Treadway,* and *Swanson,* which we have discussed, and in *E.I. Du Pont De Nemours & Co. v. Redding,* 1944 OK 151, 147 P.2d 166.

¶ 22 In *Redding,* a worker tripped and fell while walking to his car to go home in a parking lot maintained for employees as well as for the general public. The employer denied that the injury arose out of and in the course of employment, arguing that there was no causal connection between the claimant's injury and his employment. The *Redding* Court said:

"... His [the worker's] going upon the parking lot, controlled and supervised by the employer, was a reasonable incident to his going home. A reasonable time must be given an employee to separate himself from the plant and its dangers....

The fact that the accident, causing the injury occurred on the premises of employer does not of itself determine the liability of the employer, but the fact that it occurred on the premises operated and controlled by employer, connected with the fact that employee was rightfully upon the premises, as a result of his employment, and was leaving in the customary manner at the close of the day's work makes the act of leaving 'in the course of employment.'...

The proximity of time and place of the accident causing the injury coincides with the time and place of employment, and we are of the opinion that the injury arose out of and in the course of employment."

¶ 23 We recently re-examined circumstances in which an on-the-premises injury occurred in *Corbett v. Express Personnel,* 1997 OK 40, 936 P.2d 932. *Corbett* involved a claimant who was injured when he lost control of his motorcycle while attempting to

pull out of his employer's parking lot. We recognized that employee injuries occurring on an employer's premises and sustained while going to or from work may be compensable if the claimant's employment is shown to have a connection to the causative risk encountered or that the risk was created by the employer.[15] Because the injury occurred on a parking lot provided by the employer for the employee's use, we evaluated whether the claimant's presence in the parking lot satisfied the necessary components of an employment-related purpose.

¶ 24 The undisputed purpose for the employee's trip was to do personal business with his bank. We determined that because the employee's mission was purely personal, it would not be attributed to his employment and that his presence in the parking lot did not ipso facto make his injury compensable. However, we noted that: "When the employee's presence in the workplace parking lot is unquestionably employment related, there is no need for the court to further inquire into the 'arising out of' prong as a separate issue." [16]

¶ 25 In the present case, the shopping center parking lot constitutes the employer's premises.[17] It is undisputed that the claimant was arriving to begin her work day when she fell and injured herself. Nothing in the record establishes that her presence in the parking lot was in the furtherance of a personal purpose.[18] Her presence in the parking lot was employment related. The claimant is analogous to the claimants in *Redding, Treadway,* and *Swanson,* and would be analogous to the *Corbett* claimant had his mission not been purely personal. The fact that the claimant was rightfully on the premises as the result of her employment and was arriving to work in the customary manner at the beginning of the work day makes her act of arriving to work in the course of employment.[19] The proximity of time and place of the accident causing the injury coincides with the time and place of employment.[20] She was injured on the employer's premises while crossing the parking lot to enter her workplace in a customary manner known to and acquiesced in by the employer—the claimant's employment had a connection to the causative risk encountered.

¶ 26 Today, we affirm the teaching of *Worden* that injury causing risks encountered while in the course of employment are compensable. In so doing, we hold as a matter of law that purely employment-related risks encountered while in the scope of employment and arising from on premises accidents-even those which under other facts might present a "neutral" risk, i.e. weather conditions-are compensable. Such causes are distinguishable from *Worden* and *Burns* in which the employees were required to show an increased risk in off-premises injuries where issues of employment-related injuries were present. The finding of the Work-

---

**15.** See, *Morris v. City of Oklahoma City,* note 11, supra; *Max E. Landry, Inc. v. Treadway,* note 11, supra; *Nelson Electric Mfg. Co. v. Shatwell,* note 10, supra. A connection must be shown between the encountered causative risk that results in a workers' harm and the conditions of employment. Title *85 O.S. Supp.1997 § 3* (10).

**16.** *Corbett v. Express Personnel,* see note 1, supra at ¶ 8, n. 7.

**17.** *Max E. Landry, Inc. v. Treadway,* see note 11, supra; *Swanson v. General Paint Co.,* see note 13, supra.

**18.** Injuries in the furtherance of a personal purpose do not arise out of and in the course of employment. See, *Corbett v. Express Personnel,* note 1, supra; *Ogg v. Bill White Chevrolet Co.,* note 12, supra. For example, in *Thomas v. Keith Hensel,* see note 11, supra, a claimant left his

work station to go to the parking lot to remove ice from the windshield of his car prior to departing for lunch. The trial court denied compensation and the Court of Civil Appeals vacated the order. It found that an injury sustained on an employer parking lot while going to or coming from work is compensable as a matter of law. We vacated the Court of Civil Appeals' opinion, determining that there was competent evidence from which the trial court could infer that the claimant's on-the-premises errand was in furtherance of a personal purpose and hence did not arise out of his employment.

**19.** See, *E.I. Du Pont De Nemours & Co., Inc. v. Redding,* note 11, supra; *Max E. Landry, Inc. v. Treadway,* note 11, supra; *Greenway v. National Gypsum Co.,* note 10, supra; *Nelson Electric Mfg. Co. v. Shatwell,* note 10, supra.

**20.** *E.I. Du Pont De Nemours & Co., Inc. v. Redding,* see note 11, supra at ¶ 17.

ers' Compensation Court that the claimant's injury did not arise out of and in the course of her employment is erroneous as a matter of law.[21]

## CONCLUSION

¶ 27 The claimant was injured on the employer's premises while going to work. Her presence in the parking lot was employment related and her injury arose out of and in the course of employment. The claimant is entitled to workers' compensation benefits.[22]

## COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT VACATED AND REMANDED.

¶ 28 SUMMERS, C.J., HODGES, LAVENDER, KAUGER, WATT, and BOUDREAU, JJ., concur.

¶ 29 OPALA, J., concurs in result.

¶ 30 WINCHESTER, J., concurs by reason of stare decisis.

¶ 31 HARGRAVE, V.C.J., dissents.

---

21. The employer disputed whether the claimant was required to park in a particular area, whether she could have used another entrance, whether she was required to take work home, and whether she was required to bring the doll to work. However, the record reflects that the material fact questions relating to the claimant's presence in the parking lot and how her injury occurred were undisputed. Whether an employee's injury arises out of or occurs in the course of employment for workers' compensation purposes, presents issues of fact to be determined by the trial judge. However, where there is no conflict in evidence and no opposite inferences may be drawn from undisputed proof, the question is one of law. *Lanman v. Oklahoma County Sheriff's Office*, see note 2, supra at ¶ 6; *Liebmann Arctic Ice Co. v. Henderson*, 1971 OK 35, ¶ 3, 486 P.2d 739.

22. For a discussion of coverage of injuries occurring in parking lots provided by employers while employees are going to or coming from work, see generally, A. Stephens, Annot., "Workers' Compensation: Coverage of Injury Occurring in Parking Lot Provided by Employer, While Employee was Going to or Coming from Work," 4 A.L.R.5th 443 (1992).