2002 OK CIV APP 102

Charlene DICKERSON,
Petitioner/Appellant,

v.

OKLAHOMA SECRETARY OF STATE, and Compsource Oklahoma, and the Workers' Compensation Court, Respondents/Appellees.

No. 96,796.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 23, 2002.
Rehearing Denied July 5, 2002.
Certiorari Denied Oct. 8, 2002.

Ronald "Skip" Kelly, Oklahoma City, for Petitioner/Appellant.

Ron Frangione, Oklahoma City, for Respondents/Appellees.

KEITH RAPP, J.

¶ 1 Charlene Dickerson (Claimant) appeals the Worker's Compensation Court decision in favor of the Oklahoma Secretary of State (Secretary) and its insurer, which denied her claim for worker's compensation benefits.

## BACKGROUND

¶ 2 The trial court denied the claim, finding Claimant failed to establish that her injury arose out of or in the course of her employment. The material facts are not disputed.

¶ 3 Claimant, is a long-time receptionist employed by the Secretary, whose office is one of the offices within the State Capitol Building. Her stated hours of regular employment were from 8:00 o'clock A.M. to 5:00 o'clock P.M. The Secretary's written policy for employees stated the work hours were from 8–5 and a sign-in sheet is provided for all employees to sign as their time of arrival 8:00 o'clock A.M. They are not to sign in

earlier, apparently without regard to their actual arrival at the office.[1]

¶ 4 On January 10, 2001, Claimant arrived at work at about 7:40 o'clock A.M. She proceeded to the Secretary's office, entered, opened her computer, and prepared for work. On occasion, in the past, Claimant had voluntarily performed some work activities when she arrived early, which were considered "comp time," but other than the ordinary preparations necessary to perform work, she had not done so on this day.

¶ 5 Claimant, at about 7:50 o'clock A.M., left the office to go to the Capitol Building snack bar. On the way she negotiated the Capitol stairs, slipped on something, fell and suffered a broken leg. The snack bar is not operated by the Secretary, but is apparently operated for the convenience of all offices within the Capitol Complex.

¶ 6 The trial court filed its order which in pertinent part is as follows:

–1.–

THAT claimant failed to establish that she sustained an accidental personal injury arising out of and in the course of her employment to her LEFT FOOT, RIGHT LEG AND LEFT ARM on or about JANUARY 10, 2001.

–2.–

THAT it is therefore ordered that claimant's claim for compensation be and the same hereby is denied.

–3.–

THAT pursuant to Title 85 O.S. Section 93, a filing fee of seventy-five dollars ($75.00) is taxed as a cost in this matter, and shall be paid by claimant to the Court Administrator, within twenty (20) days from the date this order becomes final.[2]

¶ 7 Claimant appeals.

1. Someone has to arrive prior to 8:00 o'clock A.M. to unlock the door at the stated time. Such event is obviously done on a daily basis as there was no testimony of a daily queue of employees outside the Secretary's office waiting to go in. Indeed, the undisputed testimony was that preparations were made before 8:00 o'clock A.M. by

## STANDARD OF REVIEW

¶ 8 The Workers' Compensation Court has a duty to set out specific findings of fact and conclusions of law. The appellate courts will review, vacate and remand when the Workers' Compensation Court fails to do so and the order is indefinite. *See Gleason v. State Industrial Court*, 1965 OK 210, ¶ 14, 413 P.2d 536, 538.

¶ 9 Whether an injury arises out of and in the course of employment generally presents an issue of fact. *Thomas v. Keith Hensel Optical Labs*, 1982 OK 120, ¶ 7, 653 P.2d 201, 203. Although the material facts here are not disputed, whenever conflicting or inconsistent inferences may be drawn from undisputed facts, the issue is not of law but rather of fact. *Id.* When this Court reviews the Workers' Compensation Court's factual resolutions, the *any-competent-evidence* standard applies. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548.

## ANALYSIS AND REVIEW

¶ 10 It is first noted that the trial court, after hearing only the Claimant and no other witness, entered the order set out above. The appellate court will not weigh the evidence but will examine the record only to ascertain if the Workers' Compensation Court decision is supported by Claimant's evidence. *Sooner Const. Co. v. Brown*, 1975 OK 171, 544 P.2d 500; *Meadow Gold Dairy v. Oliver*, 1975 OK 67, 535 P.2d 290; *Goombi v. Trent*, 1975 OK 16, 531 P.2d 1363. Here, the order is, at best, vague and in conflict with the evidence adduced at trial.

¶ 11 However, it is incumbent upon the reviewing court to examine the record as a whole where the trial court fails to provide a reviewable order.

employees to ensure a smooth office opening at 8:00 o'clock A.M.

2. It is noted the trial court order merely states there is no injury arising out of or in the course of employment. The order states no other pertinent facts for review.

¶ 12 The two-part test for entitlement to worker's compensation is stated in *Turner v. B Sew Inn*, 2000 OK 97, ¶ 14, 18 P.3d 1070, 1073:

A compensable work-related injury must occur in the course of and arise out of the worker's employment. The "in the course of" prong relates to the time, place or circumstances under which the injury occurs. To be considered *in the course of employment*, an accidental injury must occur within *the period of employment* at a place where the worker reasonably may be and while reasonably fulfilling a duty of employment, or engaged in doing something incidental thereto. It tests whether, at the critical moment, the claimant was on a mission for the employer. The "arise out of" prong contemplates a causal connection between the act engaged in at the time the injury occurs and the requirements of employment. To meet the "arising out of" test, it must appear to the rational mind, upon considering all the circumstances, that a causal connection exists between the conditions under which the work is to be performed and the resulting injury.

¶ 13 Claimant here had already arrived at work, so the classic going to and from work situation also is distinguishable. For example, in *Harris v. La Quinta*, 1997 OK 50, 937 P.2d 89, the claimant was driving home after work. Here, the Claimant was not engaged in a special task for Employer, but she was operating within the Secretary's "comp time" practice and was also within the Secretary's zone of business, the same being the State Office Complex, so the exception without the course of employment does not apply.

¶ 14 Next, the facts here are not distinguishable from cases involving injuries occurring during authorized break periods, as in *Richey v. Commander Mills, Inc.*, 1974 OK 47, 521 P.2d 805, where the Court recognized that injuries which "occurred during non-work activity permitted for comfort and convenience of employees, could arise out of and in course of employment." *Richey*, 1974 OK 47 at ¶ 10, 521 P.2d at 807. Here, Claimant clearly was on a pre-office opening refreshment activity in preparation for work. Even though the Secretary's "policy" did not officially recognize the pre-opening period, employees were "comp'd" for such early work. Finally, Claimant was physically within the Secretary's office "premises," because the Secretary's State Office and Claimant's workplace is but a single element within the State Capitol and, when injured, she was on a stairway in the State Capitol Building. Thus, the factual situation here presents a hybrid case.

¶ 15 First, this Court finds that the fact that Claimant was in an area required for egress and ingress to that part of the State Capitol Building adjacent to and not physically segregated from the use of the Secretary of State's office is controlling. Injury in a parking lot not owned or controlled by an employer can still be compensated as occurring on employer's premises even though employer does not own or control the area but acquiesces in its use. *Turner v. B Sew Inn*, 2000 OK 97 at ¶¶ 10–11, 18 P.3d at 1072–73; *Max E. Landry, Inc. v. Treadway*, 1966 OK 259, 421 P.2d 829 syl. 1. The stairway, the snack bar, and the hallways, and other common areas of the State Capitol Building required to access and exit from various offices within the complex may likewise be workplace premises for employees of agencies of the State of Oklahoma who maintain offices in the Capitol Building.

¶ 16 However, the fact that the Claimant's injury occurred on Employer's workplace premises does not in itself dispose of the case. It is necessary to examine whether Claimant's presence on the stairway satisfied the two components of the employment-related purpose. Claimant's presence on Employer's workplace premises here satisfies the "in the course of" component. *Turner v. B Sew Inn*, 2000 OK 97 at ¶¶ 23–24, 18 P.3d at 1075–76; *Corbett v. Express Personnel*, 1997 OK 40, ¶ 10, 936 P.2d 932, 935.

¶ 17 This Court holds that Claimant's trip to the snack bar prior to work is in the course of employment, based on the undisputed evidence of the Secretary's usage of "comp time" for work performed prior to the "official" sign in time. The Secretary presented no evidence to dispute this practice. Thus, the trial court's decision is not based

on competent evidence required under *Parks* and will be reversed and remanded for judgment consistent with this Opinion.

¶18   REVERSED AND REMANDED.

COLBERT, P.J., and GOODMAN, J., concur.