OSCN Found Document:HOLLIMAN v. TWISTER DRILLING CO.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 HOLLIMAN v. TWISTER DRILLING CO.
2016 OK 82
Case Number: 113305
Decided: 06/28/2016
As Corrected: June 29, 2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 82, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



In re Claim of:
A. Todd Holliman, Petitioner,
v.
Twister Drilling Co., Respondent,
and
Compsource Oklahoma, Insurance Carrier.

CERTIORARI TO THE COURT OF CIVIL APPEALS
DIVISION IV

¶0 Worker sought reversal of an order of the Workers' Compensation Court of Existing Claims' three-judge panel which vacated the trial tribunal's award of benefits. The Court of Civil Appeals held that Worker's accident did not fall under any exceptions to the going and coming rule.

COURT OF CIVIL APPEALS OPINION VACATED;
ORDER OF THREE JUDGE PANEL VACATED;
AWARD OF TRIAL TRIBUNAL SUSTAINED.

G. Todd Ralstin, Oklahoma City, Oklahoma for Petitioner.
Cynthia S. Dugger, Shdeed & Dugger, Oklahoma City, Oklahoma for Respondent.


COLBERT, J.
¶1 The question presented is whether Worker's injury is compensable under any of the exceptions to the going and coming rule. This Court holds that Worker's injury is a compensable injury under the travel exception to the going and coming rule. Therefore, Worker is entitled to benefits.
BACKGROUND AND PROCEDURAL HISTORY
¶2 A. Todd Holliman (Worker) worked as a Floor Hand on a four man crew for Twister Drilling Company (Employer) on a drilling rig. Worker lived in Holdenville, Oklahoma and the rig was located approximately forty miles away in Maud, Oklahoma. Three crews worked eight hours each to service the well 24 hours a day, seven days a week. Employer had no housing at the drill site, therefore; employees were required to find transportation to and from the drill site. Employer paid travel pay ($60 - $80 depending on the distance traveled) to the crew. Worker stated that the driller in charge was the person who actually received the travel pay, however; with his crew the driller in charge elected to rotate the travel pay equally among everyone on the crew. There was a "dog house" at the drill site where the crews could store their work equipment, if they chose to do so. At the time of the accident, Worker was traveling with his hard hat, work clothes, gloves, and safety glasses.
¶3 On May 15, 2013, Worker and his supervisor were traveling home from the drill site after completing their shift when they were involved in a double fatality car crash. Worker's supervisor was killed as was the driver of the other vehicle. The car belonged to Worker but his supervisor was driving. Worker was a passenger and was sleeping at the time of the collision.
¶4 On August 30, 2013, Worker filed a Form 3 alleging he sustained a single-event injury to his neck, back, left arm, and psychological overlay arising from injuries sustained from the motor vehicle accident. In its Form 10 Answer, first filed on October 2, 2013, Employer admitted that Worker was an employee but denied the injuries were compensable or work-related because Worker was not engaged in the performance of his job duties when he was injured. The trial tribunal found that Worker's injuries were compensable and work related. It awarded Worker benefits. The tribunal found that under the circumstances the accident came within the special task exception to the general going and coming rule. Employer appealed. The three-judge panel reversed the order finding that Worker was not injured while performing unusual duties and therefore was not entitled to benefits. Worker appealed and the Court of Civil Appeals (COCA) sustained the three-judge panel's denial of benefits finding that not only was Worker not performing a special task, but there was no agreement between the crew members to share the travel pay.
STANDARD OF REVIEW
¶5 "The date of injury has long been the point in time in workers' compensation cases when rights of the parties become established, including when a claim must be filed; which law to use for determining benefits, and a schedule of compensation to determine the amount of benefits a claimant is entitled to receive." Williams Co., Inc. v. Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111. The law in effect on the date of injury, May 15, 2013, was the Workers' Compensation Code, Okla. Stat. tit. 85, §§ 1 through 413 (Supp. 2013). The appellate standard of review, § 340(D), states that this Court may "modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:

1. The court acted without or in excess of its powers;
2. The order or award was contrary to law;
3. The order or award was procured by fraud; or
4. The order or award was against the clear weight of the evidence.
Okla. Stat. tit. 85.[1]
ANALYSIS
¶6 "A compensable work-related injury must both (1) occur in the course of and (2) arise out of the worker's employment." Veith v. Ogburn, 2006 OK CIV APP 75, ¶ 12, 136 P.3d 1080, 1082. These elements are distinct and both must be met for an injury to qualify under the Workers' Compensation Code. "The phrase 'in the course of employment' refers to the time, place or circumstances of the injury". Id. The Worker's accident "must occur within the period of employment at a place where the workman reasonably may be and while he is reasonably fulfilling a duty of his employment or engaged in doing something incidental thereto." Barnhill v. Smithway Motor Express, 1999 OK 82, ¶11, 991 P.2d 527, 531.¶7 Whether an injury arises out of employment depends upon a "causal relationship between the act engaged in at the time injury occurs and the requirements of employment." Veith, 2006 OK CIV APP 75, ¶ 12, 136 P.3d at 1082. "To meet the arising out of prong it must appear to the rational mind, upon considering all the circumstances, that a causal connection exists between the condition(s) under which the work is to be performed and the resulting injury." Barnhill, 1999 OK 82, ¶ 12, 991 P.2d at 531.¶8 Generally, injuries incurred while going to or coming from work are not compensable injuries. "The general rule concerning such off-premises injuries primarily results from the fact that going to and coming from work is the product of the employee's own decision of where he desires to live, a matter ordinarily of no interest to the employer." Id., ¶ 15, 991 P.2d at 532. However, the Court has carved out several exceptions to this rule; such as: (1) performing (or going to or coming from performing) a special task outside of regular hours and at the employer's request; Harris v. LaQuinta, 1997 OK 50, 937 P.2d 89; (2) Employer has agreed to provide transportation for employees to and from work or pay travel expenses; Christian v. Nicor Drilling Co., 1982 OK 76,¶ 4, 653 P.2d 185, 186; (3) transporting supplies owned by the employer and needed to complete work duties or tasks; Weatherbee Elec. Co. v. Duke, 1955 OK 322, 294 P.2d 298; or (4) Employer owns or controls the area where injury occurs; Turner v. B Sew Inn, 2000 OK 97, 18 P.3d 1070.
¶9 In the case at bar, the record shows that Employer acknowledges that Worker was an employee at the time of the injury, but contends that because the accident happened while Worker was going home from work, the injury is not compensable. The trial tribunal disagreed and held that Worker was on a special task for Employer thus his injuries were compensable. The three-judge panel reversed the trial court's order finding that Worker was not performing a special task and that this accident did not qualify under any other exception to the going and coming rule.
¶10 Both courts acknowledged that Employer pays travel pay to its employees but determined that since Worker was not the one who received the travel pay that day he did not qualify under any of the exceptions to the going and coming rule. This is incorrect. Travel pay is used as an incentive by employers to entice prospective or current employees into accepting a job or job assignment. It is well understood that "in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment." Christian, 1982 OK 76, ¶ 4, 653 P.2d 185, 186. There is no case law to support the argument that Worker must have received travel pay each day of his job assignment or on a particular day of his assignment. The record indicates that travel pay is paid to the crew and this particular crew agreed to rotate the travel pay accrued each week among each member of the crew. While the day of the accident was not Worker's day to receive the travel pay, he was still a member of the crew and was therefore entitled to travel pay.
¶11 In this matter, the three-judge panel and COCA held that the "special task" exception does not apply. However, "special task" is not the only exception to the general rule that injuries sustained while going and coming to work are not compensable. The applicable exception is found in Christian, 1982 OK 76, ¶ 4, 653 P.2d at 186, which recognized an exception:

when the employer provides transportation to the job site or whenever the nature of the work itself creates a necessity for travel. These exceptions rest on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment. This is particularly true of the oil industry. When drilling sites are at locations remote from population centers, transportation is commonly provided by the employer for the mutual benefit of all parties.
(Emphasis added). To resolve the dispute in Christian, this Court asked "whether [the injured employees'] use of a self-provided vehicle was brought about by circumstances known to, and approved by, the employer . . .." Id., ¶ 6, 653 P.2d at 187. The Christian Court concluded that the injured employees "were on a mission [employer] instructed them to pursue, doing precisely what he intended for them to do in order to meet their job requirements." Id., ¶ 9, 653 P.2d at 187.
¶12 This matter is factually on all fours with Christian and its well-recognized exception to the going and coming rule applies here. In both cases, "the workers proceeded to the workplace in their personal vehicle on specific instructions from their supervisor." Id., ¶ 3, 953 P.2d 186. Thus, because Employer compensated the employees for travel expenses, an exception to the going and coming rule, Worker's injuries are compensable. "If the trial court reaches the correct result but for the wrong reason, its judgment is not subject to reversal. Rather, the Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale." Hall v. GEO Grp., Inc., 2014 OK 22, ¶ 17, 324 P.3d 399, 406 (footnote omitted).
CONCLUSION
¶13 There is overwhelming evidence in the record to support the trial court's finding that Worker's injuries occurred in the course of and arose out of his employment. Worker's injuries are compensable and the circumstances qualify under an exception to the going and coming rule. Worker is entitled to all benefits awarded to him in the trial tribunal's award.

COURT OF CIVIL APPEALS OPINION VACATED;
ORDER OF THREE JUDGE PANEL VACATED;
AWARD OF TRIAL TRIBUNAL SUSTAINED.

CONCUR: Reif CJ, Combs VCJ, Kauger, Watt, Edmondson, Colbert, and Gurich, JJ.

DISSENT: Winchester, Taylor, JJ.

FOOTNOTES

[1] This standard was repealed by Laws 2013, SB 1062, ch. 208, § 171 (eff. February 1, 2014). It was recodified at Okla. Stat. tit. 85A, § 78 (eff. February 1, 2014).




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2006 OK CIV APP 75, 136 P.3d 1080, VEITH v. OGBURN
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 97, 18 P.3d 1070, 71 OBJ 3237, TURNER v. B SEW INN
Discussed
 1997 OK 50, 937 P.2d 89, 68 OBJ 1374, Harris v. La Quinta
Discussed
 1955 OK 322, 294 P.2d 298, WEATHERBEE ELECTRIC COMPANY v. DUKE
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
 2014 OK 22, 324 P.3d 399, HALL v. THE GEO GROUP, INC
Discussed
 1982 OK 76, 653 P.2d 185, Christian v. Nicor Drilling Co.
Discussed at Length
 1999 OK 82, 991 P.2d 527, 70 OBJ 2946, Barnhill v. Smithway Motor Express
Discussed at Length